UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK

FLORENCE OGBON

Plaintiff,

-against-

BENEFICIAL CREDIT SERVICES, INC.,
BANK OF AMERICA, N.A.,
TRANS UNION, LLC .,
EXPERIAN INFORMATION SOLUTIONS, INC., and
EQUIFAX INFORMATION SERVICES, LLC.

Defendant(s)

Civil Action No.: 10-cv-3760 (GBD) (GWG)

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

NOTICE PLEADING AND STANDARD OF REVIEW

Plaintiff respectfully opposes the motion to dismiss filed by the defendants and ask the court to deny the motion. My files became corrupted and inadvertently I did not realize that my response on this motion has not been file. I therefore, humbly and graciously ask this Honorable Court to accept my response and deemed it filed *nunc pro tunc*. I have to begin by stating that an imposter used plaintiff's personal identifiers to commit application fraud. The defendants-furnishers-subscribers of credit information recklessly opened the fraud accounts and sent the benefits to the imposter at the imposter's mail drop. These furnisher entity- Beneficial Credit Services, Inc and Bank of America then chose to report the false data about plaintiff to their reporting agents, the consumer reporting agencies, including Trans Union, LLC, Experian Information Solutions, Inc and Equifax Information Services, LLC. The Credit Reporting Agencies (CRA) and the other agencies, as conduits of information, re-reported the information to other subscribers, and it caused plaintiff damages. After being unable to resolve this matter through communications with the defendants, Plaintiff brought a number of state and federal claims against the defendants, including but not limited to the FCRA provisions. See copies of communications between plaintiff and the Defendants annexed hereto as Exhibits 1.

The Defendants brought this motion to dismiss Causes of action ranging from violation of Truth in Lending Act (TILA), Violation of Fair Credit Reporting Act FCRA/NYFCRA), Deceptive Business Practices (UDAP/GBL), Invasion of Privacy, Defamation, Emotional Distress, Negligent Supervision and etc. Plaintiff is the victim of false credit reporting by defendants. Plaintiff distinguished the two groupings of defendants, one being the creditors (subscribers/furnishers of credit data) who wrongfully reported false information about plaintiff and attempted to collect sums that were not due from plaintiff. The other group consists of consumer (credit) reporting agencies. Plaintiff's complaint provides a generous overview of facts and separation of counts as between the various defendants. Plaintiff's complaint is well-plead and more than adequate and does comply with Federal Rule of Civil Procedure 8(a).

Under the federal practice of "notice pleading," Plaintiff must provide a short and plain statement of the claims alleging she is entitled to relief. Federal Rule of Civil Procedure 8(a); *Hrubec v. Nat. R. Pass. Corp.*, 981 F.2d 962 (7th Cir. 1992). Plaintiff is not required under Rule 8(a) to allege a cause of action or legal theory of the case. *Hostrop v. Board of Junior College District No. 1*, 523 F.2d 569 (7th Cir. 1975), cert. denied, 425 U.S. 963, 48 L. Ed. 2d 208, 96 S. Ct. 1748 (1975). There are "no technical forms of pleading" and Plaintiff's Original Complaint conforms with Rules 8(a), 8(e), 8(f) and 10 of the Federal Rules of Civil Procedure. *Maynard v. General Electric Company*, 486 F.2d 538 (4th Cir. 1973). Plaintiff is only required to set forth a short, concise and plain statement of their claim sufficient to advise the opposing party of the nature of the claim. *Neizil v. Williams*, 543 F. Supp. 899 (U.S.D.C. M.D. Fla. 1982); *Ambling v. Blackstone Cattle Co.*, 658 F. Supp. 1459 (U.S.D.C. N.D. Ill. 1987). The complaint must be in general terms and need not be stated within a framework of a cause of action. *Curacao Trading Co. v. Fed. Ins. Co.*, 3 F.R.D. 203 (U.S.D.C. N.Y. 1942). Further, plaintiff need not allege a theory of action. Plaintiff need not specify under what law(s) his case arises. *Ghebreslassie v. Coleman Secur. Svc.*, 829 F.2d 892 (9th Cir. 1987). Plaintiff need not state her legal theories and discuss all applicable laws or laws which might be applied by the court. Federal courts employ notice

pleadings. Plaintiff has done much more than merely put Defendants on notice of her claims. Fed.R.Civ.Proc. 8.

Pursuant to Federal Rules of Civil Procedure 12(b) (6), and the jurisprudence construing same, when faced with a Motion to Dismiss under Rule 12(b) (6), the court must treat the facts alleged in the complaint as admitted. *Ward v Hudnall*, 366 F.2d 247 (5th Cir. 1966); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Furthermore, the complaint is sufficient if it shows that plaintiff is entitled to any relief, regardless of whether it alleged the proper theory of the case. *Janke Construction Co. v. Vulcan Materials Co.*, 527 F.2d 772 (7th Cir. 1974); *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 1833 (1989). Plaintiff's allegations must be treated and presumed as true and correct in all respects and plaintiff's factual allegations are to be liberally construed so that plaintiff is likewise afforded each and every favorable inference to be drawn therefrom. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974); *Miree v. Dekalb County, Georgia*, 433 U.S. 25, 97 S. Ct. 2490 (1977). If admitted and taken as true, the allegations of the plaintiff's complaint do state claims upon which relief can be granted. Motions to Dismiss are not favored and are granted only when it appears to a certainty that no set of facts could be proven at trial which would entitle plaintiff to any relief. *Dann v. Studebaker-Packard Corp.*, 288 F.2d 201 (6th Cir. 1961).

As a threshold matter, a motion to dismiss under Rule 12(b) (6) is viewed with disfavor and is rarely granted. Dismissal on this basis is a disfavored means of disposing of a case. The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. The question is whether in the light most favorable to the plaintiff and with every doubt resolved in her behalf, the complaint states any valid claim for relief. *Young v. Goord*, 2006 U.S. App. LEXIS 19974 (2d Cir. 2006). Rule 12(b) (6) motions may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. McK*enna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004). The Court's task "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which may be offered in support thereof." *Feldman v. Nassau County*, 349F. Supp. 2d 528, 532 (E.D.N.Y.

2004).

However, the Court may go beyond the four corners of the complaint and consider matters of which judicial notice may be taken. *Levin v. Board of Education*, No. 97-CV-7089, 1998 U.S. App. LEXIS 13174 (2d May 21, 1998). "The Court must limit itself to the facts alleged in the complaint, to any document attached to the complaint as exhibits or incorporated by reference therein, to matters of which judicial notice may be taken, or to documents within plaintiff's possession or of which plaintiff had knowledge or relied on in bringing the suit." *Estefania v. LaMarco*, No. 03-CV-3305, 2005, US Dist. LEXIS 8152 at 18 (E.D.N.Y. March 31, 2005).

Under the liberal pleading standards applicable in federal courts, the fact that plaintiff's allegations do not support the particular legal theory advanced should not necessarily result in dismissal; rather, the court must examine the complaint to determine whether the allegations provide for relief on any possible theory. Brubrad Co. v United States Postal Service, 404 F. Supp. 691, 693 (E.D.N.Y. 1975), aff'd. 538 F.2d 308 (2nd Cir. 1976), cert. denied, 429 U.S. 834 (1976). Furthermore, the failure of a complaint to state with precision all the elements necessary to give rise to a cognizable claim is not by itself grounds for dismissal. Jackson Sawmill Co v. United States, 580 F.2d 302, 306 (8th Cir. 1978); In re Black & Geddes, Inc., 16 B.R. 148, 151 (S.D.N.Y. 1981) (if within framework of complaint some evidence may be introduced which could sustain grant of relief, complaint is sufficient and can withstand motion to dismiss).

THE FCRA DOES NOT PREEMPT COMMON LAW CAUSES OF ACTION

The Credit Reporting Agencies (CRA's) fail to explain why it believes that plaintiff's common law claims are preempted. The law the defendants cited are inapplicable here. Plaintiff can only assume that the Defendants suggests that plaintiff's right of recovery based upon any alleged cause of action or proceeding under state or common law is barred pursuant to 15 U.S.C. 1681t(b)(1)(F). This is a mis-statement of law. Courts had repeatedly rejected that argument, which has been steadfastly advanced but repelled by various courts. *Sehl v. Safari Motor Coaches, Inc., et al*, _____ F. Supp. 2d _____, 2001 U.S.Dist.Lexis 12638, cause

no. C01-1750-S1 (U.S.D.C. N.D. Cal. 20019); Luis A. Jaramillo v. Experian, et al,[1] 2001 U.S.Dist.Lexis 10221, Civil Action No. 00-5876 (U.S.D.C. E.D. Pa. 6/20/01); Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 927 (U.S.D.C. N.D. Ill. 2000); McAnly v. Middleton & Reutlinger, P.S.C., 77 F. Supp. 2d 810, 814-815 (U.S.D.C. W.D. Ky. 1999); Yeager v. TRW, 984 F. Supp. 517, 522 (U.S.D.C. E.D. Tex. 1997); Whitesides v. Equifax Credit Infor. Services, et al,[2] 125 F. Supp. 2d 807 and 125 F. Supp. 2d 813 (U.S.D.C. W.D. La. 2000) (two opinions). It should be noted that the Jaramillo decision was *reversed, on reconsideration*, by Order *dated June 20, 2001*,[3] and the plaintiff's unfair trade practices claims, which had been dismissed by the earlier opinion were reinstated by the same District Judge. Thus, *Jaramillo* does not support defendants vague position. It is clear that the Judge in *Jaramillo*, after original briefing which did not include the argument and citations herein but which were brought to his attention on reconsideration, decided that his original opinion was wrong.[4]

In further support, courts have uniformly found that the FCRA does not entirely preempt the area of credit reporting. In fact, courts have uniformly rejected creditor's and consumer reporting agencies' arguments that the FCRA bars state law claims. See *Sehl*, *supra* (for detailed discussion); Harper v. TRW, 881 F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); Rule v. Ford Receivables, 36 F. Supp. 2d 335 (U.S.D.C. S.D. Va. 1999); Watkins v. Trans Union, 118 F. Supp. 2d 1217 (U.S.D.C. N.D. Ala. 2000); Swecker v. Trans Union, 31 F. Supp. 2d 536 (U.S.D.C. E.D. Va. 1998); Saia v. Universal Card Svc., 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); Sherron v. Private Issue by Discover, 977 F. Supp. 2d 804 (U.S.D.C. N.D. Miss.

---

[1] The U.S. District Judge initially agreed (155 F. Supp. 2d 356, decided 5/21/01) with the ill-fated and highly criticized *Carney v. Experian*, 57 F. Supp. 2d 496 (W.D. Tenn. 1999) (which also erroneously found no private right of action under section 1681s-2(b), decision but, upon reconsideration (2001 U.S.Dist.Lexis 10221, decided 6/20/01) reversed in part rejecting defendant's argument that section 1681t(b)(1)(F) preempted state or common law claims and reinstated all of plaintiff's state law claims.

[2] At least impliedly, if not directly, Honorable District Judge Don Walter, Shreveport Division of the Western District of Louisiana, in *Whitesides*, rejected the notion that the FCRA preempted or restricted plaintiff's state laws claims. That case is factually and legally on point here.

[3] *Supra*.

[4] Unfortunately, the Federal Supplement reporter system did not pick up on the reversal and published the decision which was reversed in part on reconsideration. It seems some of the credit industry seized upon this anomaly by mis-citing Jaramillo in briefing in other cases and industry media.

1997); Hughes v. Fidelity Bank, 709 F. Supp. 2d 639 (U.S.D.C. E.D. Pa. 1989). As succinctly stated by *Sehl*, *supra*, "Furnishers are still subject to state statutes which are *not inconsistent with the FCRA*." If furnishers are still subject to the state laws under section 1681t(b)(1)(f) then it follows that the agencies are too. The FCRA has not completely preempted the area. The Fair Credit Reporting Act does not preempt a state law cause of action for defendant's negligence in communicating erroneous credit data about a consumer. Hughes v. Fidelity Bank, 709 F. Supp. 639 (U.S.D.C. E.D. Pa. 1989); Equifax Services, Inc. v. Cohen, 420 A.2d 189 (Me. 1980), cert. denied, 450 U.S. 916 (1981).

Court decisions have found the Fair Credit Reporting Act to be the exclusive remedy *only if* there is no state statute or common law rights or cause of action. See, for example, Matthews v. GEICO, 23 F. Supp. 2d 1160 (U.S.D.C. S.D. Cal. 1998). The state law claims asserted by plaintiff herein supplement and are not inconsistent (and are consistent) with the express purposes of the Fair Credit Reporting Act. Retail Credit Co. v. Dade County, 393 F. Supp. 577 (U.S.D.C. S.D. Fla. 1975); S.Rep.No. 517, 91st Congress 1st Session 8 (November 5, 1969) (". . .*No state law would be preempted unless compliance would involve a violation of federal law*.")

The FCRA is supposed to receive a liberal construction in favor of consumers, *not in favor of the credit and credit reporting industries*. Guimond v. Trans Union Credit Info. Co., 45 F.3d 1329 (9th Cir. 1995) (Cal.); Klapper v. Shapiro, 586 N.Y. S.2d 846 (N.Y. Sup. 1992. Again, Defendant's vague assertion might be a reference to section 1681h(e). As in the *Whitesides* case,[5] which is directly on point factually and legally with this case, the court rejected defendants'[6] arguments that plaintiff's claims were preempted or barred. Like here, plaintiff's claims arose from communication *not directly with the plaintiff* but with other third parties. In sum, section 1681h(e) only affects claims where the claim arises from communications *between the defendant and the consumer*. While the FCRA is "no model of clarity," this interpretation makes sense. The *Whitesides* Court properly interpreted the FCRA.

5 125 F. Supp. 2d 807 and 125 F. Supp. 2d 813 (U.S.D.C. W.D. La. 2000) (two opinions).

The state and common law claims are not limited, preempted or barred by the FCRA. *Whitesides, supra*; *Yeager v. TRW*, 984 F. Supp. 517, 522 (U.S.D.C. E.D. Tex. 1997); *McAnly v. Middleton & Reutlinger, P.S.C.*, 77 F. Supp. 2d 810 (U.S.D.C. W.D. Ky. 1999); *Retail Credit Co. v. Russell*, (1975), 218 S.E.2d 54, 234 Ga. 765, at 767; *Baxter v. Reliable Oldsmobile, Inc.*, 1986 Westlaw 13584 (Ohio App.) Nov. 26, 1986 (Dissent); 16 C.F.R.App. to Pt. 610—Condition of Disclosure, p.6 ("the privilege extended by (s.1681h(e)) does not apply to an action brought by a consumer if the action is based on information not disclosed pursuant to Sections (1681g, 1681h, or 1681m)). The *Whitesides, supra*, court found that Section 1681h(e) of the Fair Credit Reporting Act did not bar any state or common law claims except those based upon communications *directly* by the consumer reporting agency to the consumer. In *Whitesides,* this Court reviewed the provision and found that consumer credit reports issued by any consumer reporting agency to its subscribers are not reports disclosed "pursuant to Section 1681g, 1681h, or 1681m of this title. . . ." Section 1681h(e) deals with consumer credit reports which are issued directly to a consumer. It makes sense that if a credit reporting agency sent a credit report directly to the consumer then that consumer should not be able to file an action against the credit reporting agency, based upon that report, unless plaintiff could show malice or willful intent to injure the consumer. Section 1681h(e) has likewise been interpreted by other Courts. *Id.*

Here, plaintiff complains of false reporting issued by the furnishers to the agencies and then from the agencies onto third party subscribers who then denied credit to plaintiff and took other adverse action. Plaintiff suffered credit denials and other adverse affects which naturally and foreseeably flowed through the reporting of false and derogatory credit information about plaintiff which was wrongfully supplied by the furnisher defendants and re-reported on a number occasions by the consumer reporting agency. As plead, the consumer reporting agencies, acted as the authorized agents and mouthpieces for the creditors/furnishers/subscribers to whom they provide reporting and data access services.

---

[6] Both defendants, a furnisher and a consumer reporting agency, making motions.

Defendant claims plaintiff failed to state negligent or intentional infliction of emotional distress claim. Plaintiff's allegations are adequate to constitute "extreme and outrageous" conduct. Defendant apparently makes light of the damages they have caused this plaintiff and appear to believe that repeated, negative credit reporting is an acceptable and proper course of action for its customers and alleged customers, despite numerous, legitimate disputes.

The FCRA provides for recovery of emotional distress damages, as does state law. *Pulver v. Avco Fin. Svcs.*, 182 Cal.App.3d 622, 227 Cal. Rptr. 491 (Cal. App. 2d Div. 1986); *Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir.1986), cert. denied, 483 U.S. 1022 (1987); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (U.S.D.C. Del. 1991); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1240 (U.S.D.C. Mich. 1980), affirmed, 689 F.2d 72 (6th Cir. 1982); *Johnson v. Department of Treasury, I.R.S.*, 700 F.2d 971, 984 (5th Cir. 1983); *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509, 514 (5th Cir. 1982); *Millstone v. O'Hanlon Reports, Inc.*, 383 F. Supp. 269 (U.S.D.C. E.D. Mo. 1974), affirmed, 528 F.2d 829, 834-35 (8th Cir. 1976); *Jones v. Credit Bureau of Huntington, Inc.*, 184 W.Va. 112, 117 (1990); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.). In sum, plaintiff's claims and allegations more than support a claim for negligent or intentional infliction of emotional distress.

Defendant believes there is no liability for defaming consumers and invading their privacies. However courts have held that a credit reporting defendant is liable for the harm from the initial reporting and any and all republications which were reasonably foreseeable, particularly since the reportings were made via their authorized agents, the credit reporting agencies. *Luster v. Retail Credit Co.*, 575 F.2d 609 (8th Cir. 1978) (Ark.); *Sheppard v. Nabb*, 581 A.2d 839 (Md. 1990); *Sears, Roebuck & Co. v. Ulman*, 412 A.2d 1240 (Md. 1980). Each transmission of a consumer's credit report is a separate and distinct tort. *James Young v. Equifax Credit Information Services*, 294 F.3d 631 (5th Cir. 2002); *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446 (5th Cir. 1988), cert. denied, *Credit Bureau Services–New Orleans v. Hyde*, 109 S. Ct. 3199, 491 U.S. 910, 105 L. Ed. 2d 706. The FCRA specifically acknowledges privacy-based rights and actions.

Defendants conduct, as plead and to be proven, evidences gross negligence and reckless disregard and conscious indifference for Plaintiff's rights. "Malice" is presumed. *State, Ex Rel. Pollution, Etc. v. Kerr McGee Corp.*, 1980 OK 166, 619 P.2d 858. Malice is also presumed because defendants exhibited flagrant disregard of Plaintiff's rights or property. Presumed malice is the equivalent to actual evil intent to injure Plaintiff. *Sopkin v. Premier Pontiac, Inc.*, 539 P.2d 1393, 1397 (Okl. App. 1975). Malice is proven if the court finds defendants reported information about Plaintiff with a conscious indifference as to the truthfulness of such information and in reckless disregard of the rights of the target of the report, Plaintiff. *Dun & Bradstreet v. Robinson*, 345 S.W.2d 34 (Ark. 1961). Malice may be proven by showing action or inaction done by defendant without just cause or excuse, which was in reckless disregard as to its results upon the rights of others. *Dun & Bradstreet, Inc. v. Nicklaus*, 340 F.2d 882 (8th Cir. 1965) (Ark.), cert. denied, 382 U.S. 825, 15 L. Ed. 2d 70, 86 S. Ct. 57; *Dun & Bradstreet, Inc. v. Robinson*, 345 S.W.2d 34 (Ark. 1961); *Dun & Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896 (Tex. 1970).

Consumers have a vested property right in their credit reports and ratings. It has long been found that credit reports, credit ratings, and the rights thereunder are property rights of each consumer. *Kite v. Kaplan*, 747 So.2d 503 (La. 1999) (High Court upheld court of appeal's award of $50,000.00 for damage to credit rating and reputation, etc.); *Patterson v. Livingston Bank*, 509 So.2d 6 (La. App. 1 Cir. 1987); *Williams v. Equifax*, 892 F. Supp. 951 (U.S.D.C. E.D. Mich. 1995); *Riley v. Dun & Bradstreet*, 172 F.2d 303 (6th Cir. 1949); *Altoona Clay Products v. Dun & Bradstreet*, 286 F. Supp. 899 (U.S.D.C. W.D. Pa. 1968); *McClain v. South Carolina National Bank*, 105 F.3d 898 (4th Cir. 1997) (ruled against the plaintiff-consumer but criticized the consumer for failing to properly plead, inter alia, a claim for impairment of credit rating).

A credit issuer's "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms from its cardholder." Thus, a creditor's "refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer." *Miranda-Riviera v. Bank One*, 145 F.R.D. 614, 1993 W.L. 30681 (U.S.D.C. Puerto Rico 1993). An erroneous

or careless report serves no purpose but to substantially damage the target of the report, who after publication can do little to correct the damage caused by the report. _Bartels v. Retail Credit Co_., 175 N.W.2d 292 (Neb. 1970). Courts routinely impose vicarious liability and derivative liability in FCRA and credit reporting actions. _Jones v. Federated Dept. Stores_., 144 F.3d 961 (6th Cir. 1998) (Mich.); _Yohay v. City of Alexandria Employees Credit Union,_ 827 F.2d 967 (4th Cir. 1987) (Va.); *Adams v. Berger Chevrolet*, _____ F. Supp. 2d _____, 2001 U.S.Dist.Lexis 6174.

CONCLUSION

Plaintiff respectfully asserts that the defendants motion should be denied. In re Black & Geddes, Inc., 16 B.R. 148, 151 (S.D.N.Y. 1981) (if within framework of complaint some evidence may be introduced which could sustain grant of relief, complaint is sufficient and can withstand motion to dismiss). In the event the court finds that the complaint fails to state a claim upon which relief may be granted, the court may permit the plaintiff to amend the pleading. 2 James W.M. Moor, et al, MOORE"S FEDERAL PRACTICE, Section 12:38 (3d ed. 1997); Reisner v. Stoller, 51 F. Supp. 430, at 411 (2d Cir. 1999) [citing, Moviecolor Ltd. V. Eastman Kodak Co., 288 F. 2d 80 (2d Cir. 1961). For the foregoing reasons, plaintiff requests that the motion be denied in its entirety. In the event that the court determines that the complaint is not pleaded with the requisite specificity, we ask that plaintiff is permitted to re-plead and submit an Amended Complaint.

Dated: New York, New York
September 12, 2010

Respectfully submitted,

/s/ Osita Okocha

By: ________________________________

OSITA OKOCHA
110 Wall Street, 11th Floor
New York, NY 10005
Phone: (212) 709-8143
Fax: (212) 943-2300
E-mail: LAWOSSY@aol.com