UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

FLORENCE OGBON

       Plaintiff,

       -against-

BENEFICIAL CREDIT SERVICES, INC
BANK OF AMERICA, N.A (TERMINATED)
TRANS UNION, LLC
EXPERIAN INFORMATION SOLUTIONS, INC.
EQUIFAX INFORMATION SERVICES, LLC
AFNI, INC.
UNIQUE NATIONAL COLLECTION
FASHION BUG a/k/a SPIRIT OF AMERICA
CITIFINANCIAL CREDIT SERVICES, INC.
JPMORGAN CHASE BANK, N.A.
CREDIT ONE BANK
FIRST PREMIER BANK
HSBC BANK, N.A.

       Defendant(s)
_____

Civil Action No.: 10-cv-3760 (PAE) (GWG)

PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS (TRANS UNION, EXPERIAN AND EQUIFAX) SUPPLEMENTAL MEMORANDUM

**DEFENDANTS MOTION IS PATENTLY FRIVOLOUS AND DECEPTIVE**

    Plaintiff hereby responds to Defendants Supplemental Memorandum to their Motion to Dismiss Plaintiff's Second Amended Complaint.

    The common thread that runs through the following analysis of each of Defendants argument for dismissal is one legal claim after another based on either no law or bad law and underwritten by a conscious distortion of the factual record. Defendants Motion is entirely frivolous. It is also deceptive and manifestly presented to this Court in bad faith. It attempts to argue facts not at all in the record or were modified by agreement, makes baseless and irrelevant accusations against Plaintiff's Counsel (again without any factual basis in the record), and raises a patently meritless argument for dismissal by literally misleading this Court on the crucial factual

1

matter upon which that argument is based and cites to cases which does not fully support their distorted position. The Defendants Attorneys offices were informed of service of the Second Amended Complaint on Beneficial Credit Services, Inc. Defendants have not properly presented the record and facts of this case and have made a conscious effort to distort the facts in-order to have a well pled Complaint dismissed.

Defendants Motion to Dismiss is more than just largely frivolous. It is deceptive and dishonest. It represents a patent violation of Rule 11. Beyond this, Defendants make factual assertions, including baseless and wholly irrelevant personal attacks against Plaintiff's Counsel, based on assertions of fact that are both simply false and nonexistent in the record. This is not the first time Defendant and its legal Counsel have engaged in this tactic and the Motion itself makes this very point of repetitive abuse of the factual record and its approach to creating facts on the fly without affidavits or any other applicable evidentiary rule.

Does Defendant or its Attorneys provide a single affidavit/Declaration to put these facts into the record? No. This hard, inescapable facts make the point that rather than deal with these facts as they are, the Defendants Motion asserts both false facts and facts simply not in the record and further accuses Plaintiff's Counsel of inserting "additional claims" in the Complaint. It is clear, at least to Plaintiff, that Defendants legal Counsels have crossed-over the line that demarcates the boundary between appropriate zealous advocacy and unprofessional conduct. Moreover, another stark fact raises its ugly head to counter Defendants attempt to re- write the Plaintiff's Complaint must be rejected.

## PROCEDURES AND EVIDENTIAL RULES

You can amend your complaint as of right without leave of court. The Second Amended Complaint was authorized by the Order of this Court. Federal Rule of Civil Procedure 15(a) states, in part: "(a) Amendments.

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ...."

Your opponent can't take discovery from you until after the Rule 26 conference. Moreover, discovery is stayed on this matter. Federal Rule of Civil Procedure 26(d) says, in part: "(d) Timing and Sequence of Discovery.

> Except in categories of proceedings exempted from initial disclosure under Rule parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

Plaintiff's Second Amended Complaint speaks for itself. However, one of the lowest forms of deceit in legal arguments is the use of misleading ellipses. Replacing part of statement with ellipses can completely change the meaning of the original passage. This form of deceit is particularly reprehensible because it assumes that the reader is too trusting or lazy to look up the original statement. Defendants conduct involving their flagrant misrepresentations of the record; of testimony; of what the case is about; the misrepresentation of the contents of documents on file with the Court, etc. are gross violations of the high standards of professional conduct that our Courts are supposed to expect and demand of Attorneys. There is absolutely no excuse for Defendants continued blatant distortion of this Case; the Record of this Case; testimony; contents of the documents on file with this Court; and this Court's Orders.  In fact, *Fed. R. Civ. P*. 11 is supposed to prevent these types of actions by Defendants. Defendants' Motion contains irrelevant, speculative and hearsay statements throughout their Motion, which are inadmissible. *See* Federal Rules of Evidence [*Fed. R. Evid.*] §§ 401 and are therefore inadmissible pursuant to *Fed. R. Evid*. § 802.

Defendants' Exhibits are unauthenticated in violation of *Fed. R. Evid*. §§ 901, 902 and 1005.  Authenticity of evidence, in the broad sense of the word, is fundamental to litigation and is one of the most basic functions.  There are several ways outlined in the *Fed. R. Evid*. regarding

the authentication of evidence, none of which Defendants complied with. *Fed. R. Evid*. 901(a) requires documents to be authenticated in order for them to be admissible. *See* <u>Philbin v. Trans Union Corp.</u>, 101 F.3d 957, 961 n. 1 (3d Cir. 1996). Moreover, Defendants' Motion is packed with speculative statements; hearsay statements; and Exhibits, which are insufficient defenses, irrelevant, redundant, immaterial, impertinent, and are scandalous matter. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. For the reasons stated herein, Defendants' Motion must be denied.

    Defendants Motion for Sanctions is improper and in violation of the Federal Rules of Civil Procedure. Defendants have incorporated in their application a "Motion for Sanctions", which not only is completely improper, it is unfounded.

    Fed. R. Civ. P. 11(C)(2) states:

> "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."

Defendants did not file a Motion separately from the within Motion; Defendants failed to serve their request for Sanctions pursuant to *Fed. R. Civ. P.* 5; Defendants failed to serve the Motion for Sanctions upon the Plaintiffs twenty-one [21] days prior to its filing; and Defendants failed to describe specific conduct in this case that allegedly violates *Fed. R. Civ. P.* 11(b). Moreover, this Court's record reflects a continued course of vexatious conduct on the part of Defendants. Therefore, if Sanctions are warranted, upon anyone, they clearly should be imposed by this Court upon Defendants. *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 402, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). For the reasons stated herein, Defendants Motion must be denied.

To determine whether to dismiss a claim with prejudice pursuant to Rule 41(b), courts apply the well-established, five-factor *Drake* test: "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) . . . the efficacy of lesser sanctions. No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drak v. Norden Sy.,* 375 F.3d 254 (2d Cir. 2004).

**CONCLUSION**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order denying Defendants Motion to Dismiss.

Dated: New York, New York
January 19, 2012

Respectfully submitted,

/s/ Osita Okocha

By: _____
OSITA OKOCHA
110 Wall Street, 11th Floor
New York, NY 10005
Phone: (212) 709-8143
Fax: (212) 943-2300
E-mail: LAWOSSY@aol.com