UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| FLORENCE OGBON,<br>    *Plaintiff*,<br><br>vs.<br><br>BENEFICIAL CREDIT SERVICES, INC.;<br>BANK OF AMERICA, N.A. (TERMINATED);<br>TRANS UNION, LLC; EXPERIAN<br>INFORMATION SOLUTIONS, INC.; and<br>EQUIFAX INFORMATION SERVICES, LLC;<br>    *Defendants*. | CASE NO. 1:10-cv-03760-PAE<br>ECF Case<br><br><br><br>**LOCAL CIVIL RULE 56.1<br>STATEMENT OF MATERIAL<br>FACTS IN SUPPORT OF<br>DEFENDANTS' JOINT MOTION<br>FOR SUMMARY JUDGMENT** |

---

    Pursuant to Local Civil Rule 56.1, defendants Trans Union, LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively, Defendants" or the "CRAs"), by and through their undersigned attorneys, submit that the following are material facts as to which there is no genuine issue to be tried, and that, as a consequence, Defendants are entitled to summary judgment on all claims set forth in Plaintiff's Amended Complaint.

**FACTS RELEVANT TO PLAINTIFF'S CLAIMS**

    1.    Plaintiff, Florence O. Ogbon is a native of Nigeria. Deposition of Florence Ogbon taken December 11, 2012 ("Ogbon Dep.") at 224:24-25; 225:1-7, relevant portions of which are attached to Declaration of Angela L. Hamm in Support of Defendants' Joint Motion for Summary Judgment ("Hamm Decl.") as Exhibit 1.

    2.    Plaintiff lived in the United States to attend college at Southern University between 1978 and 1984. Ogbon Dep. at 25:1-11; 27:10-17.

    3.    While Plaintiff was in the United States she was issued a Social Security Number. Ogbon Dep. at 14: 23-25; 234:3-7.

4.  In 1984, after college, Plaintiff returned to Nigeria. Ogbon Dep. at 24:14-17.

5.  Plaintiff claims that after her return to Nigeria in 1984, a former friend and neighbor—Veronica Ilenre—stole her identity. Ogbon Dep. at 54:7-25; 55:1-17; 65:1-15; 237:17-25; 238:1-5.

6.  Ms. Ilenre subsequently used Plaintiff's identity to file articles of incorporation with the state of Georgia, open personal bank accounts, secure a mortgage, file tax returns, and declare bankruptcy. In short, Ms. Ilenre became "Florence Ogbon" for the purpose of her financial transactions. Ogbon Dep. at 37:22-25; 38:1-7; 44:20-25; 45:7-18; 76:9-25; 77:1-9.

7.  Plaintiff discovered Ms. Ilenre's duplicity when she returned to the United States in 2007. Ogbon Dep. at 45:2-4; 10-19.

8.  Ms. Ilenre was arrested in May 2011, recently pleaded guilty to several felony counts in Georgia state court, was sentenced to a term of work release and probation, and was ordered to pay Plaintiff restitution in the amount of $50,000. Ogbon Dep. at 66:14-25; 67:18-23; 70:19-25; 71:1-4; 72-74 & Ex. 7, 9-11 thereto.

9.  On May 28, 2008, Plaintiff filed a police report with the Oakdale Minnesota police department claiming identity theft between 1998 and 2008 and stating that Plaintiff did not know how someone else obtained her identifying information. Ogbon Dep. at 45:24-25; 47:15-21; 48:17-23 & Ex. 3 thereto.

10. On February 14, 2009, Plaintiff filed another identity theft police report with the Gwinnett County, Georgia Sheriff's Department naming Veronica Okotete Ilenre, a former friend, neighbor and in-home employee as the suspect. Ogbon Dep. at 52:11-17 & Ex. 5 thereto.

11. Plaintiff completed a Victims' Complaint and Affidavit on February 14, 2011. Ogbon Dep. Ex. 8 thereto.

**FACTS RELATING TO DEFENDANT TRANS UNION, LLC**

12.     On May 23, 2008, Trans Union received notice of Plaintiff's request for an initial fraud alert through the CDIA Fraud Exchange. Affidavit of Steven Reger In Support of Trans Union, LLC Motion for Summary Judgment ("Reger Aff.") at ¶¶ 47 & 48, attached to Hamm Decl. as Exhibit 2; Ogbon Dep. 242:8-11.

13.     Trans Union responded by adding an initial fraud alert to Plaintiff's Trans Union credit file, suppressing Plaintiff's credit file from promotion and notifying Plaintiff by letter that an initial fraud alert had been added to her credit file and enclosing a Fraud Bill of Rights. Id. at ¶ 49.

14.     On February 3, 2009, Trans Union's Fraud Victim Assistance Department ("FVAD") received notice of Plaintiff's request for an initial fraud alert through the CDIA Fraud Exchange. Id. at ¶ 51.

15.     Trans Union sent a letter to Plaintiff requesting proof of her current address stating, "Please complete the attached form and submit verification of your current address. Acceptable forms of verification include copies of two (2) of the qualifying documents listed below." Acceptable forms of address verification are: (1) Drivers License; (2) State ID Card; (3) Bank or Credit Union Statement; (4) Cancelled Check; (5) Government Issued ID Card; (6) Signed Letter from a Homeless Shelter; (7) Stamped Post Office Box Receipt; and (8) Utility Bills (Water. Gas. Electric. or Telephone). The letter continued, "[w]hen providing proof of your current mailing address please ensure that bank statements, utility bills, and cancelled checks are recent and not older than 2 months. All state issued license and identification cards must be current and unexpired. PO Box receipts and signed letters from a homeless shelter

should not exceed more than 1 year in age.  Please note that electronic statements printed from a website cannot be accepted for proof of address."  This letter also advised Plaintiff of the proper procedure for contacting Trans Union to request that an identity theft statement be added to her credit file, "If you received an official, valid identification theft report from a federal, state, or local law enforcement agency including the United States Postal Inspection Service, and wish to add a statement to your file, please contact Trans Union at 1-800-680-7289 and speak to a representative."  Id. at ¶ 52 & Ex. A thereto; Ogbon Dep. at 243:16-25; 244-245:1-11.

16. On February 3, 2009, Plaintiff contacted Trans Union for the first time.  Plaintiff spoke with Trans Union's FVAD and, again requested that Trans Union add an initial fraud alert to her credit file.  Id. at ¶ 53; Ogbon Dep. at 242:18-25; 243:1-10.

17. In response, Trans Union added an initial fraud alert, suppressed Plaintiff's credit file from promotion, changed the name on the credit file from "Florence Ogbon" to "Florence Okereiete Ogbon" and deleted the telephone number and first previous address from her credit file.  Trans Union then advised Plaintiff that it would require proof of her identification and address.   Id. at ¶ 54 & Ex. B thereto.

18. Plaintiff contacted Trans Union again on February 4, 2009 and was again advised she needed to provide proof of her identification and address.  Id. at ¶55.

19. On February 10, 2009, Trans Union received correspondence from Plaintiff that included acceptable proof of her Social Security Number, however, the documents did not provide sufficient proof of Plaintiff's address.  Id. at ¶ 56-57 & Ex. C thereto; Ogbon Dep. at 247-256:1-6.

20. Trans Union added an extended fraud alert to Plaintiff's credit file and extended the suppression from promotion on Plaintiff's credit file to March 2014.  Trans Union then sent a

letter to Plaintiff indicating that an extended fraud alert was added to her credit file, that her proof of address was not acceptable and again, enclosed a Fraud Bill of Rights. This letter specifically set forth Trans Union's requirements for proof of address. Id. at ¶ 58 & Ex. D thereto; Ogbon Dep. at 258-259:1-9.

21. On March 2, 2009, Trans Union FVAD received additional documents from Plaintiff, including: (1) New York State Learner Permit; and (2) a Direct Payment Statement for ConEdison addressed to Akporode Emmanuel Enaohwo/Florence Ogbon, however, the documents did not establish the necessary proof of Plaintiff's address as the ConEdison Payment Record did not contain the same apartment number as the New York State Learner Permit. Id. at ¶ 59 & Ex. E thereto; Ogbon Dep. 262:23-25; 263-265:1-22.

22. Plaintiff contacted Trans Union, by telephone, on March 13, 2009. Once again, Trans Union advised Plaintiff that she needed to provide acceptable proof of her address. Id. at ¶ 60 & Ex. F thereto.

23. On March 14, 2009, Trans Union received another notice from CDIA Fraud Exchange to add an initial fraud alert to Plaintiff's credit file. Id. at ¶ 61.

24. In response, Trans Union updated the expiration of the fraud alert on Plaintiff's credit file from June 2009 to July 2009. Id.

25. Trans Union did not have any additional communication with Plaintiff until this lawsuit was filed on May 6, 2010. Id. at ¶ 62.

26. Plaintiff's counsel provided Trans Union with copies of a Property Law Enforcement Initial Complaint Form from Oakdale, Minnesota Police dated May 28, 2008 and a letter from Gwinnett County Georgia Criminal Investigation Section dated February 9, 2009

indicating that it had received Plaintiff's incident/crime report as Exhibits to her Amended Complaint which Plaintiff properly filed on October 11, 2011.  Id. at ¶ 63.

27. Once Trans Union received these police reports, it processed them pursuant to its standard operating procedures and removed all disputed information.  Id. at ¶ 64.

28. Plaintiff's Trans Union credit file currently lists all of Plaintiff's accounts as "satisfactory" and includes an Extended Fraud Alert, which will remain in Plaintiff's file until July 2018.  Id. at ¶65 & Ex. G thereto.

29. Trans Union followed reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's Trans Union credit file and to protect the integrity of Plaintiff's Trans Union credit file.  Id. at ¶¶ 1-65.

**FACTS RELATING TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.**

30. On May 23, 2008, Experian was notified by another Credit Reporting Agency that Plaintiff had contacted them regarding possible fraudulent activity.  Declaration of Jason Scott ("Scott Decl.") ¶ 25 & Ex. A, attached to Hamm Decl. as Exhibit 3.

31. Experian communicated to Plaintiff in writing on May 23, 2008, notifying her that an Initial Security Alert had been added to her credit file, and explaining how Plaintiff could request a free copy of her consumer disclosure and dispute any allegedly fraudulent information appearing in her file.  Id.  See Ogbon Dep. at 84-85.

32. Experian explained that Plaintiff would need to identify the information she was disputing, and to provide Experian with full proof of her identity, including her Social Security Number.  Id.

33. Experian never received a response from Plaintiff regarding Experian's May 23, 2008 letter.  Scott Decl. ¶ 26.

34. Plaintiff did not subsequently contact Experian in 2008. Id. See Ogbon Dep. at 305.

35. Plaintiff first contacted Experian by telephone on February 2, 2009 to request a free copy of her personal consumer disclosure based on possible fraudulent activity, and to add an initial security alert. Scott Decl. ¶ 27. See Ogbon Dep. at 304.

36. Experian communicated to Plaintiff in writing on February 2, 2009, notifying her that an Initial Security Alert had been added to her credit file, and explaining that Plaintiff would need to provide sufficient proof of her identity, including her Social Security Number, in order to obtain a copy of her free credit report or dispute any information appearing in her file. Scott Decl. ¶ 27 & Ex. B. See Ogbon Dep. at 87-88.

37. On February 25, 2009, Plaintiff sent a copy of her New York State Learner Permit and a ConEdison billing summary to Experian. Scott Decl. ¶ 28 & Ex. C. See Ogbon Dep. at 304.

38. Plaintiff's February 25, 2009 mailing did not include Plaintiff's Social Security Number, did not request a free credit report, did not indicate that Plaintiff was a victim of identity theft, did not dispute any information in Plaintiff's credit file, and did not contain any information regarding the nature of Plaintiff's dispute. Scott Decl. ¶ 28 & Ex. C. See Ogbon Dep. at 94-95, 304.

39. Experian communicated to Plaintiff in writing on March 6, 2009, explaining how Plaintiff could dispute any allegedly fraudulent information appearing in her file, and asking Plaintiff to supply sufficient proof of her identity—including her Social Security Number—so that Experian could confirm Plaintiff's identity and provide Plaintiff with a copy of her free credit report. Scott Decl. ¶ 29.

40. Experian never received a response from Plaintiff regarding Experian's March 6, 2009 letter. Scott Decl. ¶ 30. See Ogbon Dep. at 304-05.

41. Plaintiff contacted Experian by telephone on March 14, 2009 to request a free copy of her personal consumer disclosure based on possible fraudulent activity. Scott Decl. ¶ 31.

42. Experian communicated to Plaintiff in writing on March 14, 2009, again explaining how Plaintiff could dispute any allegedly fraudulent information appearing in her file, and asking Plaintiff to supply sufficient proof of her identity—including her Social Security Number—so that Experian could confirm Plaintiff's identity and provide Plaintiff with a copy of her free credit report. Scott Decl. ¶ 31 & Ex. D.

43. Experian never received a response from Plaintiff regarding Experian's March 14, 2009 letter. Scott Decl. ¶ 32. See Ogbon Dep. at 304-05.

44. Plaintiff did not subsequently contact Experian in 2009. Scott Decl. ¶ 32, 36. See Ogbon Dep. at 304-05.

45. Plaintiff's attorney, Mr. Okocha, communicated to Experian in writing on September 12, 2009. Scott Decl. ¶ 33 & Ex. E.

46. Mr. Okocha's September 12 letter did not include sufficient information to verify Plaintiff's identity, and failed to include Plaintiff's photo ID, proof of Plaintiff's address, and Plaintiff's social security number, as previously requested by Experian. Scott Decl. ¶ 33 & Ex. E. See Ogbon Dep. at 98-101.

47. Mr. Okocha's September 12 letter referenced a Beneficial and Bank of America account number, but neither account number appeared on Plaintiff's credit file at that time. Id.

48. Experian communicated with Mr. Okocha in writing on September 24, 2009, stating that Experian was unable to determine the type of assistance he was requesting and that

Experian was unable to access Plaintiff's Experian credit file without Plaintiff's complete identification information; and informing Mr. Okocha how Plaintiff could initiate a dispute. Scott Decl. ¶ 34 & Ex. F.

49. Experian never received a response from Plaintiff or Mr. Okocha regarding Experian's September 24, 2009 letter. Scott Decl. ¶ 35.

50. Neither Plaintiff nor her attorney communicated with Experian or sent any additional documents to Experian upon receipt of Experian's September 24, 2009 letter until the filing of Plaintiff's Complaint. Scott Decl. ¶¶ 35-36.

51. After Plaintiff initiated this action, and after Plaintiff's attorney provided Experian with Plaintiff's identification information and information regarding the nature of Plaintiff's dispute, Experian removed all information from Plaintiff's file that Plaintiff's attorney claimed to be the result of fraudulent activity. Scott Decl. ¶ 37.

52. Experian followed reasonable procedures to ensure the maximum possible accuracy of the information contained in Plaintiff's Experian credit file and to protect the integrity of Plaintiff's Experian credit file. Scott Decl. ¶¶ 6-39.

53. Plaintiff admits that she has no reason to believe that Defendants acted intentionally or maliciously towards her. Ogbon Dep. at 118-19; 237:7-16. See Scott Decl. ¶ 39.

## PLAINTIFF'S ALLEGED DAMAGES

54. Plaintiff admits that she has not suffered any monetary damages because of Defendants alleged conduct. Ogbon Dep. at 120; 237:7-16.

55. Plaintiff admits that she never sought medical treatment for any of her alleged symptoms of emotional distress. Ogbon Dep. at 32.

56. Plaintiff's alleged credit denials all occurred before Plaintiff provided Defendants with notice of the specific inaccurate account information on her credit file, sufficient proof verifying her identity, and details concerning the theft of her identity. Scott Decl. ¶ 37; Ogbon Dep. Ex. 23.

Date: February 1, 2013

Respectfully submitted,

s/ Angela L. Hamm
Robert J. Schuckit, Esq.
  (Admitted *Pro Hac Vice*)
William R. Brown, Esq.
  (Admitted *Pro Hac Vice*)
Angela L. Hamm, Esq.
  (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail: rschuckit@schuckitlaw.com
          wbrown@schuckitlaw.com
          ahamm@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*

Timothy P. Creech, Esq.
Kogan, Trichon & Wertheimer, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA  19103
Telephone:  (215) 575-7618
Fax:  (215) 575-7688
E-Mail:  tcreech@ktwlaw.com

*Local Counsel for Defendant Trans Union, LLC*

        Nicholas W. Haddad, Esq.
        Jones Day
        222 East 41st Street
        New York, New York 10017
        Telephone: (212) 326-3939
        Fax:  (212) 755-7306
        E-mail:  nwhaddad@jonesday.com

        *Counsel for Defendant Experian*
        *Information Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **1st day of February, 2013**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Osita Emmanuel Okocha, Esq. lawossy@aol.com | Nicholas Haddad, Esq. nwhaddad@jonesday.com |
| Richard T. Marooney, Jr., Esq. rmarooney@kslaw.com | Stephanie Cope, Esq. scope@kslaw.com |
| Jessica Rank Divine, Esq. jdivine@kslaw.com | George Edward Spencer, Esq. gspencer@curtis.com |
| Marc H. Goldberg, Esq. mgoldberg@phillipslytle.com | Rajeev Muttreja, Esq. rmuttreja@jonesday.com |
| Christina Conroy, Esq. cconroy@kslaw.com | Lewis P. Perling, Esq. lperling@kslaw.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **1st day of February, 2013**, properly addressed as follows:

| | |
|---|---|
| None. | |

*s/ Angela L. Hamm*
Robert J. Schuckit, Esq.
  (Admitted *Pro Hac Vice*)
William R. Brown, Esq.
  (Admitted *Pro Hac Vice*)
Angela L. Hamm, Esq.
  (Admitted *Pro Hac Vice*)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail: rschuckit@schuckitlaw.com
             wbrown@schuckitlaw.com
             ahamm@schuckitlaw.com

*Counsel for Defendant Trans Union, LLC*