UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT
OF NEW YORK
_____


**FLORENCE OGBON**


|  |  |
|---|---|
| Plaintiff, | Civil Action No.: 10-cv-3760 (PAE) (GWG) |
| -against- | PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENTN |

**BENEFICIAL CREDIT SERVICES, INC.,**

**BANK OF AMERICA, N.A.,**

**TRANS UNION, LLC .,**

**EXPERIAN INFORMATION SOLUTIONS, INC., and**

**EQUIFAX INFORMATION SERVICES, LLC.**


Defendant(s)

_____




MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT

_____

TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS…..………... . . . . . . . . . . . . . . . . …….…….…i, ii

TABLE OF AUTHORITIES….…….….……….….…….…….….…… iii, iv, v

TABLE OF STATUTES….………….………….……….….……….….…....…..….vi

PRELIMINARY STATEMENT…..….………….……………….…..….1

STANDARD OF REVIEW….. . . . . . . . . . . . . . . . . . . …….…...1, 2, 3

ARGUMENT.………. . . . . . . . . . . . . . . …….........................… 3

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . …….….........3, 4

 ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . …….……......5

 STANDARD OF REVIEW….. . . . . . . . . . . . . . . . . …….……....5, 6

THE ISSUE OF REASONABLE INVESTIGATION IS A QUESTION OF FACTS THAT GOES TO THE JURY…………………………….4, 5, 6

TRANS UNION AND EXPERIAN ACTIONS CAUSED HARM TO PLAINTIFF……………………………………………….6, 7, 8, 9

THE FCRA DOES NOT PREMP COMMON LAW CAUSES OF ACTION …………………………………………………......9, 10, 11, 12, 13, 14

DISPUTING DATA AND THE BURDING OF PROOF....................................................14, 15, 16, 17, 18

PUNITIVE DAMAGES: BURDEN OF PROOF…………....18, 19, 20

COURTS HAVE RULED THAT THE CDV SYSTEM IS UNREASONABLE…………………………………………….20, 21, 22

EMOTIONAL DISTRESS…………………………………..22, 23, 24, 25

CONCLUSION………………………………………………………..25

# TABLE OF AUTHORITIES

**CASES**                                                      **PAGE**

Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986)………………..3

Agosta v. Inovision, Inc., No. 02-806, 2003 U.S. Dist.
LEXIS 23889, at *17 (E.D. Pa. Dec. 16, 2003)……………………………..5

Back v. Trans Union, L.L.C.,
2008 WL 2444682, *3 (N.D. Ind. June 13, 2008)……………….…..…….7

Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982)…..…...........7

Bruce Burke v. Experian Information Solutions, Inc.,
2011 U.S. Dist. LEXIS 28896 (E.D. Va. March 18, 2011)………………......10

Bryant v. TRW, Inc., 487 F Supp 1234 (1980, ED Mich),
affd, 689 F2d 72(1982, CA6 Mich)…………………………….…………6

Cahlin v. General Motors Acceptance Corp.,
936 F.2d 1151, 1156 (11th Cir. 1991)………………………………............3

Celotex Corp. v Catrett, 477 U.S. 317, 330 (1996)………………….…....2

Chambers v. TRM Copy., 43 F.3d 29, 36 (2d Cir. 1994)…………….….5

Collins v. Retail Credit Co.,
410 F. Supp. 924, 931-32 (E.D. Mich. 1976)………………………..…………9

Cortez v. Trans Union, LLC, 617 F.3d 688, 709 (3d Cir. 2010)………………12

Crane v. Trans Union, LLC 282 F Supp 2d 311(2003, ED Pa)…………..……14

Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3rd Cir. 1997)]
………………………………………………………………………..15

Dickens v. Trans Union Corp.,
18 F. App'x 315, 318 (6th Cir. 2001)………………………..……..........21

Equifax, Inc. v. Federal Trade Comm'n
678 F.2d 1047, 1048 (11th Cir. 1982)..19,33……………………….………..……….2

Evantash v. G.E. Capital Mortg. Servs., Inc., No 02-1188, 2003 U.S. Dist.
LEXIS 23131, at *12-13 (E.D. Pa. Nov. 25, 2003)………………..…….………24

Family Publication Serv., Inc., 411 US. 356, 364 (1973)……………………11

Gorman v Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009)…………8

Gorman v. Experian Info. Solutions, Inc.,
2008 U.S. Dist. LEXIS 94083 (E.D.N.Y., 2008)………………..………….……18

Greene v. Capital One Bank,
2008 WL 1858882, at *4 (D. Utah Apr. 23, 2008)………………..……..……..23

Guimond v. Trans Union Information Corp.,
45 F.3d 1329 (9th Cir. 1995) .........................................................................2

Hall v. Harleysville Ins. Co., 896 F. Supp. 478, 483 (E.D Pa. 1995)………………19

Henson v. CSC Credit Servs., 29 F.3d 280, 287 (7th Cir. 1994))……...............22

Houston v. TRW Information Serv., Inc., 707 F. Supp. 689 (S.D.N.Y. 1989)
………………………………………………………………………….…..…2

Jordan v. Equifax Info. Servs., 410 F Supp 2d 1349(2006 ND Ga)………….2

Kates v. Crocker Nat'l Bank, 776 F.2d 1396, 1397 (9th Cir. 1985)…..……….19

Koropoulos v. Credit Bureau, Inc.,
734 F.2d 37, 40 (D.C. Cir. 1984)……………………….….…..….....................21

Krajewski, 557 F. Supp. 2d at 614…………………….…………………………16

McCauley v. Trans Union LLC, 2003 WL 22845741 (S.D.N.Y. 2003)….2

McPhee v. Chilton Corp., 468 F. Supp. 494 (D. Conn. 1978)………………22

Mendez v. M.R.S. Associates, 2005 WL 1564977, *4 (N.D. Ill. 2005) ……...23

Millstone v. O'Hanlon Reports,
383 F. Supp. 269, 275 (E.D. Mo. 1974)……………………...…..…..14

Mirocha v. TRW, Inc., 805 F. Supp. 663, 674-75 (S.D. Ind. 1992)…...….…...11

Mourning v. Family Publication Serv., Inc., 411 U.S. 356, 364 (1973)…...........12

Okocha v. HSBC Bank USA, No. 08 Civ. 8650 (LAK)………..…...............14

Parker v Parker, 124 F Supp 2d 116 (2000, MD Ala)…………..……….…15

Patrolmen's Benevolent Ass'n of New York v. City of New York,
310 F.3d 43, 55 (2d Cir. 002)…..……………………………..….……...14

Philbin v. Trans Union Corp., 101 F3d 957 (CA3 NJ, 1996)………………14

Pinner v. Schmidt, 805 F.2d 1258, 1261
(5th Cir. 1986), cert. denied, 483 U.S. 1022 (1987)……………..……….…17

Rivera v. Bank One, 145 F.R.D. 614 (D.P.R. 1993)…………….…….…...24

Rule v Brine, Inc., 85 F.3d 1002, 1011C2d Cir. 1996)……………….…...21.
Safeco Ins. Co. of America v. Burr,
551 U.S. 47, 127 S.Ct. 2201, 2203, 167 L. Ed. 2d 1045 (2007)…...….…19

Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004)…........8

Saunders v. Branch Banking & Trust Co.,
526 F.3d 142 (4th Cir. 2008)………………………………….............4

Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890 (5th Cir. 1998)

Simpson v. United States, 652 F.2d 831, 834 (9th Cir. 1981)…………......…12

Smith v. HireRight Solutions, Inc., No. 09-6007, 2010 U.S. Dist.
LEXIS 46525, at *13-15 & n.5 (E.D. Pa. May 12, 2010)………..…..…...17

Smith v. Ohio Sav. Bank,
2008 WL 2704719, *2-3 (D. Nev. July 7, 2008)……………..…….............15
Spector v Trans Union LLC, First USA Bank, N.A.,

301 F. Supp. 2d 231 (Dis. Conn. 2004)…………………………………….16

Stevenson v. TRW Inc., 987 F.2d 288, 293 (5th Cir. 1993)……………..10

Swoager v. Credit Bureau of Greater St. Petersburg,
608 F Supp 972 (1985, MD Fla)……………………………………………7

Thomas v. Trans Union Credit Information Co.,
1992 WL 280516 *4 (N.D. Ill 1992)……………………………………...…..11

Todd v. Associated Credit Bureau Servs., Inc.,
451 F. Supp. 447 (E.D. Pa. 1977)…………………………………...……….…19

Valentine v. First Advantage Saferent, Inc.,
2009 WL 4349694, *8 (C.D. Cal. Nov. 23, 2009) ………..……….….…20

Whelan v. Trans Union, 862 F.Supp. 828 (E.D.N.Y. 1994)………..…......24

## STATUTES

Fair Credit Practices Act, 15 U.S.C. § 1681 et seq., (relevant amendments found in 15 U.S.C. 1681, et seq. (Supp. II 1996))

15 U.S.C. § 1681 .......................................................................................1

15 U.S.C. § 1681a .....................................................................................11

15 U.S.C. § 1681(a)(2) …………………………………………………....21

15 U.S.C § 1681i(a)(5)(B) and (C)…………………………………..6, 7, 8, 10

15 U.S.C. § 1681e [Section 607] ...........................(*passim*)……………….1

15 U.S.C. § 1681e(b) …………………………...........2, 5, 8, 9, 11, 20, 21, 23

15 U.S.C. § 1681g .....................................................................................23

15 U.S.C. § 1681i(a)(5)(A)(Supp. II 1996))………...……..……..…………....23

15  U.S.C. § 1681n………….......................................................'............23

15 U.S.C. 1681n(a)…………………………………………....…......20

15 U.S.C. § 1681o ……………………………………..…………........23

28 U.S.C. § 1291. ……………………………………………………...1

New York Fair Credit Reporting Act, GBL §380, *et eq.* ("NY FCRA)……..1

## OTHER MATERIALS

Federal Rule of Appellate Procedure 4(a)(1)(A)……………..…..……………1

S.Rep. No. 517, 91st Cong., 1st Sess. 1 (1969)……………..……………….6

47 C.F.R. § 64.110(b) and Section 258 Order, 14 FCC Rcd at 1533, ¶ 42 ……………………………………………………………………12

## PRELIMINARY STATEMENT

This is an identity theft case brought by the Plaintiff, Florence Ogbon against the Defendants, Trans Union and Experian pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the New York Fair Credit Reporting Act, GBL §380, *et eq.* ("NY FCRA).  The action was based on the Credit Reporting Agency negligent and willful violation of the FCRA and the NY FCRA, including but not limited to Defendants negligent and/or willful failure to follow reasonable procedure to assure maximum accuracy on Plaintiff's credit information, failure to investigate or properly investigate Plaintiff's disputes, failure to provide Plaintiff with written record of the way and manner they investigated her disputes, including the names of the persons and telephone numbers that they contacted for verifications. Then this Motion for Summary Judgment was brought by the Defendants. Section 607(b) of the FCRA, 15 U.S.C. § 1681e(b), requires consumer reporting agencies to "follow reasonable procedures" in preparing consumer reports "to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Defendants, Trans Union and Experian are consumer reporting agencies and their motion for Summary Judgment must be denied.

## STANDARD OF REVIEW

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 36 (2d Cir. 1994); see *Fed. R. Civ. P. 56(c).* "In ruling on a motion for summary judgment, the district court is required to draw all factual inferences in favor of, and take all factual assertions in the light most favorable to, the party opposing summary judgment." A party who moves for summary judgment has the burden of showing that no

1

genuine issue of material fact exists and that the undisputed facts entitle it to judgment as a matter of law." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996); The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). The FCRA, like the other portions of the Consumer Credit Protection Act of 1968, is to be liberally construed. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.).  Its provisions are to be construed in favor of recovery by the consumer and against the credit reporting agency, user of credit information and other violator. The FCRA is "to prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Equifax, Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1048 (11th Cir.1982), quoting S.Rep. No. 517, 91st Cong., 1st Sess. 1 (1969). Because Defendants reported factually inaccurate information about the Plaintiff and failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Defendants violated their duty to reinvestigate plaintiff's disputes. "As should be apparent from the foregoing recitation, the issue of Trans Union and Experian liability under FCRA is rife with factual and credibility disputes that only the trier of fact should resolve. *McCauley v. Trans Union LLC*, 2003 WL 22845741 (S.D.N.Y. 2003); *Houston v. TRW Information Serv., Inc.*, 707 F. Supp. 689 (S.D.N.Y. 1989). Even if the Defendants claimed to have procedure in place, it merely raised questions of disputed fact and summary judgment is still inappropriate. See *Jordan v. Equifax Info. Servs.*, 410 F Supp 2d 1349 (2006, ND Ga), holding that consumers allegation of credit reporting agency's negligent violations of Fair Credit Reporting Act pursuant to 15 USCS §§ 1681e(b), 1681i(a)(5)(C) withstood summary judgment because, although agency showed that it had some procedures in place to address inaccuracies in credit reports, procedures were not effective in ensuring that

account was permanently removed; thus, court could not say that procedures were unquestionably reasonable as matter of law.

The FCRA provides that the Defendants, Credit Reporting Agencies (CRA's) must conduct a "reasonable reinvestigation" of disputed information appearing on a consumer's credit report and then delete or modify any item that "is found to be **inaccurate** or **incomplete** or **cannot be verified**" [Emphasis added]. The Defendants wants this Honorable Court to hold that unverifiable information need not be investigated at all and instead must be retained *because* it cannot be verified. A "genuine" issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The moving party, bears the burden of showing that it is entitled to summary judgment.  Huminski v. Corsones, 386 F.3d 116, 132 (2d Cir. 2004).  A court must draw all "justifiable inferences" in the nonmovant's favor, and construe all of the facts in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986).

**ARGUMENT**

Section 607(b) of the FCRA imposes a clear and unequivocal duty on consumer reporting agencies to prepare consumer reports by using "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Accordingly, CRA's procedures are likely unreasonable even when they happen to produce an inaccurate report.  The Defendants made a prima facie case showing a violation of the FCRA.  At a minimum, she has established the existence of a disputed issue of material fact regarding the reasonableness of CRAs' procedures.

**THE ISSUE OF REASONABLE INVESTIGATION IS A QUESTION OF FACT THAT GOES TO THE JURY**

Whether or not the CRA followed reasonable procedures "will be a jury question in the overwhelming majority of cases." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Bryant v. TRW, Inc.*, 487 F Supp 1234 (1980, ED Mich), affd, 689 F2d 72(1982, CA6 Mich) [once information in consumer report is found to be inaccurate in fact, question whether consumer reporting agency has violated Fair Credit Reporting Act, which requires agency to maintain reasonable procedures to assure maximum possible accuracy of information, is for jury, and standard of conduct for agency's action is what reasonably prudent person would have done]. To establish liability under 15 USCS § 1681e(b), consumer need not introduce direct evidence of unreasonableness of procedures, but in certain instances inaccurate credit reports by themselves can fairly be read as evidencing unreasonable procedures. *Parker v. Parker*, 124 F Supp 2d 1216 (2000, MD Ala).

Defendants should do more than reporting data furnished to them even when the information is inaccurate. *Crane v. Trans Union*, LLC 282 F Supp 2d 311(2003, ED Pa) [where consumer reporting agency contended that it reported accurate information that lender reported consumer's debt for vehicle purchase to be charged off as bad debt, but consumer asserted that debt was deemed paid in full from insurance proceeds when car was destroyed, even though proceeds were less than amount remaining unpaid, agency failed to sustain its burden of showing that reports it issued were objectively accurate, regardless of information received from lender]. As a threshold matter, Defendants argument that their alleged investigations are reasonable simply because it sent ACDVs to the furnishers who then verified the information as reported is flawed. In rejecting the same argument, this Court held in

4

*Gorman v. Experian Info. Solutions, Inc.*, 2008 U.S. Dist. LEXIS 94083 (E.D.N.Y., 2008)

[citing *Cushman v. TransUnion Corp.*, 115 F.3d 220, 225 (3rd Cir. 1997)]:

> "Two federal circuits have held, however, that the reinvestigation
> required by section 1681i(a) demands more than (a) forwarding the
> dispute information onto the furnisher of information and (b) relying
> on the furnisher of information's response…The court in Cushman
> noted that to only require the credit reporting agency to go to the
> furnisher of information would replicate the requirements of section
> 1681e(b), and such a reading would render the two sections largely
> duplicative of each other. Receiving notification of a dispute from a
> customer shifts the responsibility of reinvestigation onto the credit
> reporting agency, and the statutory responsibility imposed on the credit
> report agency must consist of something more than merely parroting
> information received from other sources."

Apart from the violation of 15 U.S.C § 1681i(a)(5)(B) and (C) as argued above, the alleged

inaccurate accounts not only raised factual disputes but is undisputedly factually inaccurate. In

addition, a genuine issue of material fact exists as to whether Defendants failed to follow

reasonable procedures as required by §§ 1681e(b) and 1681i in their alleged reinvestigation of

Plaintiff's dispute on the accounts. Plaintiff started disputing the inaccurate accounts as from

2009. Whether Plaintiff provided enough proof of identity clearly raises factual and credibility

disputes that only the trier of fact should resolve. *Spector v. Trans Union LLC First USA Bank,*

*N.A*, supra; *Gorman v. Experian Info. Solutions, Inc.,* supra. See also, *Cushman v. TransUnion*

*Corp.*, 115 F.3d 220, 225 (3rd Cir. 1997) [holding that "in order to fulfill its obligation under

section 1681i(a) 'a credit reporting agency may be required, in certain  circumstances, to verify

the accuracy of its initial source of information"]; *Stevenson v. TRW Inc.*, 987 F.2d 288, 293

(5th Cir. 1993) ["in a reinvestigation of the accuracy of credit reports (pursuant to § 1681i(a)),

a credit bureau must bear some responsibility for evaluating the accuracy of information

obtained from subscribers"].

Plaintiff has raised a material factual dispute, not only of the accuracy of the information but also of the reasonableness of the investigations. *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F Supp 972 (1985, MD Fla).

On her 2009 dispute letters, Plaintiff requested Defendants to provide her with written record of the way and manner it investigated his disputes, including the names and telephone numbers of persons contacted. From the above undisputed facts relating to defendants' reinvestigation of plaintiff's account disputes, a trier of fact judging the adequacy of their procedure will surely determine that it is objectively unreasonable in all respect.

**TRANS UNION AND EXPERIAN ACTIONS CAUSED HARM TO PLAINTIFF**

Plaintiff presented sufficient evidence of causation of "actual damages" to survive summary judgment. Plaintiff was denied credit applications by and was made to pay higher interest rate on her credit cards. As a general matter, Congress enacted the requirements set forth in the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, to "insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. 1681(a)(4)(2003).  Particularly relevant to the instant action is the FCRA's requirement that credit reporting agencies investigate consumers' disputes about the information in their credit files.  Section 1681i provides:

> If the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate free of charge and record the current status of the disputed information, or delete the item from the file. . . .

15 U.S.C. § 1681i(a)(1)(A).  Remarking on the "grave responsibilities" of credit reporting agencies, the Third Circuit has emphasized that such agencies must do more than "merely parrot[] information received from other sources.  Therefore, a 'reinvestigation' that merely

6

shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute." *Cushman v. Trans Union Corp.*, 114 F.3d 220, 225 (3d Cir. 1997). "Whatever considerations exist, it is for 'the trier of fact [to] weigh these factors in deciding whether [an agency] violated the provisions of section 1681i." *Id.* at 225-26 (*quoting Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994)). Section 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996). A reasonable jury could find that Trans Union and Experian violated either or both of these sections. Regarding Plaintiff's § 1681i claim, the evidence suggests that the Defendants merely parroted information provided by other sources, despite the fact that Plaintiff provided information supporting her assertion that she is the victim of identity theft. Consequently, there is sufficient evidence for the issue of whether the Defendants violated § 1681i to be decided by a jury. *See Cushman*, 227 F.3d at 225. Turning to the § 1681e(b) claim, the plaintiff has presented sufficient evidence to survive summary judgment. *See Philbin*, 101 F.3d at 964-65. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 368 (5th Cir. 2001) (holding that question of whether agency followed reasonable procedures is typically a fact question reserved for jury) (*citing Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991)). The Defendants also argues that it is entitled to summary judgment because Plaintiff has not produced any evidence of actual damages.  This argument is unpersuasive.  At the very least, Plaintiff may be entitled to damages for the emotional distress he may have suffered in connection with

her efforts to correct the error in her credit consumer file and in being denied credits and being unable to open a bank account around the time she was attempting to have the error corrected. *Cf. Philbin*, 101 F.3d at 963 n.3 (noting that plaintiff in FCRA case is not required to produce evidence of emotional damages with high degree of specificity); *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.3d 143, 151 (5th Cir. 1983) ("Even where no pecuniary or out-of-pocket loss has been shown, the FCRA permits recovery for humiliation and mental distress.").

Under § 1681n, "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of . . . such amount of punitive damages as the court may allow." 15 U.S.C. § 1681n. "To show willful noncompliance with the FCRA, [a plaintiff] must show that defendants 'knowingly and intentionally committed an act in conscious disregard for the rights of others,' but need not show 'malice or evil motive.'" *Philbin*, 101 F.3d at 970 (*quoting Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986)). "[T]o justify an award of punitive damages, a defendant's actions must be on the same order as willful concealments or misrepresentations [such as the adoption of a] reinvestigation policy either knowing that policy to be in contravention of the rights possessed by consumers pursuant to the FCRA or in reckless disregard of whether the policy contravened those rights." *Cushman*, 115 F.3d at 226. Defendants contend that Plaintiff cannot show "wilfulness" under the FCRA. We disagree with both Defendants.  As the courts have held, punitive damages may be warranted where the evidence shows that inaccuracies in credit reports arise from something more than "an isolated instance of human error which [the agency] promptly cure[s]." *Boris v. Choicepoint Servs.*, 249 F. Supp. 2d 851, 862 (W.D. Ky. 2003).  Here, there is evidence

regarding the conduct of Trans Union and Experian suggesting that the problems that Mrs. Ogbon experienced were not the result of mere human error and that the errors were not promptly cured.  On this basis, a jury may be able to find that Defendants acted with conscious or reckless disregard to the rights of consumers.

## THE FCRA DOES NOT PREEMPT COMMON LAW CAUSES OF ACTION

The Credit Reporting Agencies (CRA's) fail to explain why it believes that plaintiff's common law claims are preempted. The law the defendants cited are inapplicable here. Plaintiff can only assume that the Defendants suggests that plaintiff's right of recovery based upon any alleged cause of action or proceeding under state or common law is barred pursuant to 15 U.S.C. 1681t(b)(1)(F). This is a mis-statement of law. Courts had repeatedly rejected that argument, which has been steadfastly advanced but repelled by various courts. *Sehl v. Safari Motor Coaches, Inc., et al*, _____ F. Supp. 2d _____, 2001 U.S.Dist.Lexis 12638, cause no. C01-1750-S1 (U.S.D.C. N.D. Cal. 20019); *Luis A. Jaramillo v. Experian, et al*,[1] 2001 U.S.Dist.Lexis 10221, Civil Action No. 00-5876 (U.S.D.C. E.D. Pa. 6/20/01); *Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 927 (U.S.D.C. N.D. Ill. 2000); *McAnly v. Middleton & Reutlinger, P.S.C.*, 77 F. Supp. 2d 810, 814-815 (U.S.D.C. W.D. Ky. 1999); *Yeager v. TRW*, 984 F. Supp. 517, 522 (U.S.D.C. E.D. Tex. 1997); *Whitesides v. Equifax Credit Infor. Services, et al*,[2] 125 F. Supp. 2d 807 and 125 F. Supp. 2d 813 (U.S.D.C. W.D. La. 2000) (two opinions). It should be noted that the *Jaramillo* decision was *reversed, on reconsideration*, by Order

---

[1]      The U.S. District Judge initially agreed (155 F. Supp. 2d 356, decided 5/21/01) with the ill-fated and highly criticized *Carney v. Experian*, 57 F. Supp. 2d 496 (W.D. Tenn. 1999) (which also erroneously found no private right of action under section 1681s-2(b), decision but, upon reconsideration (2001 U.S.Dist.Lexis 10221, decided 6/20/01) reversed in part rejecting defendant's argument that section 1681t(b)(1)(F) preempted state or common law claims and reinstated all of plaintiff's state law claims.

[2] At least impliedly, if not directly, Honorable District Judge Don Walter, Shreveport Division of the Western District of Louisiana, in *Whitesides*, rejected the notion that the FCRA preempted or restricted plaintiff's state laws claims. That case is factually and legally on point here.

*dated June 20, 2001*, and the plaintiff's unfair trade practices claims, which had been dismissed by the earlier opinion were reinstated by the same District Judge. Thus, *Jaramillo* does not support defendants vague position. It is clear that the Judge in *Jaramillo*, after original briefing which did not include the argument and citations herein but which were brought to his attention on reconsideration, decided that his original opinion was wrong.[3]

In further support, courts have uniformly found that the FCRA does not entirely preempt the area of credit reporting. In fact, courts have uniformly rejected creditor's and consumer reporting agencies' arguments that the FCRA bars state law claims. See *Sehl, supra* (for detailed discussion); *Harper v. TRW*, 881 F. Supp. 294 (U.S.D.C. S.D. Mich. 1995); *Rule v. Ford Receivables*, 36 F. Supp. 2d 335 (U.S.D.C. S.D. Va. 1999); *Watkins v. Trans Union*, 118 F. Supp. 2d 1217 (U.S.D.C. N.D. Ala. 2000); *Swecker v. Trans Union*, 31 F. Supp. 2d 536 (U.S.D.C. E.D. Va. 1998); *Saia v. Universal Card Svc.*, 2000 U.S.Dist.Lexis 9494, 2000 Westlaw 863979 (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue by Discover*, 977 F. Supp. 2d 804 (U.S.D.C. N.D. Miss. 1997); *Hughes v. Fidelity Bank*, 709 F. Supp. 2d 639 (U.S.D.C. E.D. Pa. 1989). As succinctly stated by *Sehl*, *supra*, "Furnishers are still subject to state statutes which are *not inconsistent with the FCRA*." If furnishers are still subject to the state laws under section 1681t(b)(1)(f) then it follows that the agencies are too. The FCRA has not completely preempted the area. The Fair Credit Reporting Act does not preempt a state law cause of action for defendant's negligence in communicating erroneous credit data about a consumer. *Hughes v. Fidelity Bank*, 709 F. Supp. 639 (U.S.D.C. E.D. Pa. 1989); *Equifax Services, Inc. v. Cohen*, 420 A.2d 189 (Me. 1980), cert. denied, 450 U.S. 916 (1981). Court decisions have found the Fair Credit Reporting Act to be the exclusive remedy *only if*

---

[3] Unfortunately, the Federal Supplement reporter system did not pick up on the reversal and published the decision which was reversed in part on reconsideration. It seems some of the credit industry seized upon this

there is no state statute or common law rights or cause of action. See, for example, *Matthews v. GEICO*, 23 F. Supp. 2d 1160 (U.S.D.C. S.D. Cal. 1998). The state law claims asserted by plaintiff herein supplement and are not inconsistent (and are consistent) with the express purposes of the Fair Credit Reporting Act. *Retail Credit Co. v. Dade County*, 393 F. Supp. 577 (U.S.D.C. S.D. Fla. 1975); S.Rep.No. 517, 91st Congress 1st Session 8 (November 5, 1969) (". . .*No state law would be preempted unless compliance would involve a violation of federal law*.") Defendants Trans Union and Experian argue that they are entitled to the summary judgment on Plaintiff's claims for defamation. In cases involving credit reports, precedent suggests that a false statement in a credit report may qualify as defamatory if it tends to deter third persons from dealing with the plaintiff. *See McCain v. Pennbank*, 549 A.2d 1311, 1314 (Pa. Super. Ct. 1988). This is not preempted by the FCRA when malice or willfulness is alleged pursuant to 15 U.S.C. § 1681h(e). The proper standard for determining whether or not provisions of the FCRA were "willfully" violated under 1681n(a) includes "reckless disregard" for the FCRA requirements. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2203, 167 L. Ed. 2d 1045 (2007). Consumer reporting agency violates 15 USCS § 1681e(b) if consumer report contains inaccurate information, and reporting agency did not follow reasonable procedures to assure maximum possible accuracy. *Dalton v. Capital Associated Indus.*, 257 F3d 409 (CA4 NC, 2001. "Reasonable procedures are those that a reasonably prudent person would undertake under the circumstances." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996) (internal quotations and citations omitted). "Judging the reasonableness of a credit reporting agency's procedures involves weighing the potential harm from inaccuracy against the burden of safeguarding against such inaccuracy," but "the reasonableness of a credit reporting agency's procedures is 'normally a question for trial unless

---

anomaly by mis-citing Jaramillo in briefing in other cases and industry media.

the reasonableness or unreasonableness of the procedures is beyond question," *Cortez v. Trans Union, LLC*, 617 F.3d 688, 709 (3d Cir. 2010) (quoting *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004)). "'[W]hether the credit reporting agency has a duty to go beyond the original source will depend' on a number of factors." *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) (quoting *Henson v. CSC Credit Servs.*, 29 F.3d 280, 287 (7th Cir. 1994)). ("Whatever considerations exist, it is for 'the trier of fact [to] weigh the[se] factors in deciding whether [the defendant] violated the provisions of section 1681i." CRAs Receipt of Blanket Certifications Cannot Negate The Inference Of Unreasonableness Raised By Plaintiff's Evidence. To defeat CRAs motion for summary judgment, Plaintiff need not present any direct evidence of conscious or reckless disregard. Rather, she must merely present evidence from which the trier of fact could deduce such disregard. *Cushman v. Trans Union Corp.*, 920 F. Supp. 80, 84 (E.D. Pa. 1996) ("It is not necessary for the plaintiff to produce a `smoking gun' or other form of definite proof.") *aff'd* 115 F.3d 220 (3rd Cir. 1997). "Instead, where intent has not been explicitly expressed, the trier of fact may deduce it from the "When willfulness is an issue, summary judgment should be granted with caution, since questions such as intent or motive are presented." *Simpson v. United States*, 652 F.2d 831, 834 (9th Cir. 1981) ("Whether the efforts of [defendant] were so feeble as to rise to the level of willfulness is a material issue of fact which should have prevented summary judgment and which now warrants reversal."). In numerous FCRA cases, courts have consistently denied defendant's motion for summary judgment on punitive damages. Most Courts believes that it should be left to the jury to resolve the disputed facts and decide whether those facts demonstrate a willful failure to follow reasonable procedures.") (citing *Collins v. Retail Credit Co.*, 410 F. Supp. 924, 931-32 (E.D. Mich. 1976). *See also Mirocha v. TRW, Inc.*, 805 F. Supp. 663, 674-75 (S.D. Ind. 1992) ("Plaintiffs need not produce definitive proof that the Defendants intended to injure them. Where intent is at issue, this would be an insurmountable

requirement because it is not possible to delve into the Defendants' inner thoughts to discern why they behaved as they did . . . .   Rather, where intent has not been explicitly expressed, the trier of fact may deduce it from the surrounding circumstances."). *See also Hall v. Harleysville Ins. Co.*., 896 F. Supp. 478, 483 (E.D. Pa. 1995) ("We find genuine issues of fact as to whether Defendants willfully or negligently violated the FCRA."); *Thomas v. Trans Union Credit Information Co.*, 1992 WL 280516 *4 (N.D. Ill 1992) (that "plaintiffs have offered evidence that Trans Union generated erroneous credit information about them" is sufficient to deny Trans Union's motion for summary judgment on punitive damages); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1239 (E.D. Mich. 1980) *aff'd* 689 F.2d 73 (6th Cir. 1982). Finally, as the numerous published court cases under the FCRA demonstrate, TRW was long aware of the significant problems caused by its failure to maintain reasonable procedures (*see, e.g.*, *Henson v. CSC Credit Services*, 29 F.3d 280, 286-87 (7th Cir. 1994) and ignored cases warning about the risks of liability under the FCRA for use of such paltry few indicia of identity to access consumer files.

See also *Back v. Trans Union, L.L.C.*, 2008 WL 2444682, *3 (N.D. Ind. June 13, 2008). While inaccuracy is one benchmark, Congress stated that the actual objective of an FCRA investigation is to determine whether "an item of information is found to be inaccurate or incomplete *or cannot be verified*."  § 1681i(a)(5)(A) (emphasis added). The FCRA requires that unverifiable information be deleted, not that it be retained and its retention be immune from liability.  The Supreme Court stated the guiding principle of this Congressional philosophy nearly 40 years ago:  "[B]lind economic activity is inconsistent with the efficient functioning of a free economic system such as ours." *Mourning v. Family Publication Serv., Inc.*, 411 U.S. 356, 364 (1973). "In adopting the FCRA, Congress no doubt understood the maxim that truth often is subject to reasonable interpretation.  At least in part for that reason, if the accuracy of information is unclear (unverifiable), at a minimum its resolution should be

best left for the finder of fact. *Dalton*, 257 F.3d at 416 (whether literally true but potentially misleading report was inaccurate is a jury question); *Valentine v. First Advantage Saferent, Inc.*, 2009 WL 4349694, *8 (C.D. Cal. Nov. 23, 2009) "Whether an omission was 'misleading…' and thus is an 'inaccuracy,' is generally a question for the jury"); *Smith v. Ohio Sav. Bank*, 2008 WL 2704719, *2-3 (D. Nev. July 7, 2008) (whether information was misleading and inaccurate was question for the trier of fact).

## DISPUTING DATA AND THE BURDEN OF PROOF

At least one court has previously considered Experian's argument that a dispute like plaintiff's is inadequate and the court rejected the credit reporting agency's position.  In *James J. O'Connor v. Trans Union Corps.*,Civil Action No. 97-4633 http://www.paed.uscourts.gov/opinions/99D0806P.htm, (U.S.D.C. E.D. Pa. 9/28/99), the Court found that a dispute that "none of these relate to me" is adequate and specific enough.  Further, plaintiff made clear to the credit bureau (just exactly like here, in a mixed file/identity theft case) that the bureau must "carefully check each item reported and delete the information that does not relate to me."  The Defendants failed miserably in attempting to argue that the dispute was "not clear" or specific enough for their tastes. Section 1681i(a) requires a consumer reporting agency to investigate and delete inaccurate or unverifiable information disputed by a consumer within a "reasonable time" from receipt of a dispute or notice of error. *Stevenson v. TRW, Inc.*, 987 F.2d 288, 292 (5th Cir. 1993). Thirty (30) days is presumptively a reasonable time to conduct a reinvestigation. *MIB, Inc.*, 101 F.T.C. 415, 423 (1983); *FTC v. TRW*, 784 F. Supp. 361, 363 (U.S.D.C. N.D. Tex. 1991).  Another court held that several weeks delay is reasonable for credit bureau to conduct reinvestigation of disputed data. *Boothe v. TRW Credit Data*, 768 F. Supp. 434 (U.S.D.C. S.D. N.Y. 1991).  Consumer reporting agencies are able to reinvestigate most disputes within thirty (30) days, in essence, a "reasonable time period" for a

particular reinvestigation may be shorter or longer depending on the circumstances of the dispute. F.T.C. Commentary, 16 C.F.R. Pt. 600, App. at 367 (1992); *Stevenson v. TRW, Inc.*, 987 F.2d 288, 292 (5th Cir. 1993); *Elliott v. TRW*, 889 F. Supp. 960 (U.S.D.C. N.D. Tex. 1995). Defendants conduct, as plead and to be proven, evidences gross negligence and reckless disregard and conscious indifference for Plaintiff's rights. "Malice" is presumed. *State, Ex Rel. Pollution, Etc. v. Kerr McGee Corp.*, 1980 OK 166, 619 P.2d 858. Malice is also presumed because defendants exhibited flagrant disregard of Plaintiff's rights or property. Presumed malice is the equivalent to actual evil intent to injure Plaintiff. *Sopkin v. Premier Pontiac, Inc.*, 539 P.2d 1393, 1397 (Okl. App. 1975). Malice is proven if the court finds defendants reported information about Plaintiff with a conscious indifference as to the truthfulness of such information and in reckless disregard of the rights of the target of the report, Plaintiff. *Dun & Bradstreet v. Robinson*, 345 S.W.2d 34 (Ark. 1961). Malice may be proven by showing action or inaction done by defendant without just cause or excuse, which was in reckless disregard as to its results upon the rights of others. *Dun & Bradstreet, Inc. v. Nicklaus*, 340 F.2d 882 (8th Cir. 1965) (Ark.), cert. denied, 382 U.S. 825, 15 L. Ed. 2d 70, 86 S. Ct. 57; *Dun & Bradstreet, Inc. v. Robinson*, 345 S.W.2d 34 (Ark. 1961); *Dun & Bradstreet, Inc. v. O'Neil*, 456 S.W.2d 896 (Tex. 1970).

Consumers have a vested property right in their credit reports and ratings. It has long been found that credit reports, credit ratings, and the rights thereunder are property rights of each consumer. *Kite v. Kaplan*, 747 So.2d 503 (La. 1999) (High Court upheld court of appeal's award of $50,000.00 for damage to credit rating and reputation, etc.); *Patterson v. Livingston Bank*, 509 So.2d 6 (La. App. 1 Cir. 1987); *Williams v. Equifax*, 892 F. Supp. 951 (U.S.D.C. E.D. Mich. 1995); *Riley v. Dun & Bradstreet*, 172 F.2d 303 (6th Cir. 1949); *Altoona Clay Products v. Dun & Bradstreet*, 286 F. Supp. 899 (U.S.D.C. W.D. Pa. 1968); *McClain v. South*

_Carolina National Bank,_ 105 F.3d 898 (4th Cir. 1997) (ruled against the plaintiff-consumer but criticized the consumer for failing to properly plead, inter alia, a claim for impairment of credit rating). A credit issuer's "ability to report on the credit habits of its customers is a powerful tool designed, in part, to wrench compliance with payment terms from its cardholder." Thus, a creditor's "refusal to correct mistaken information can only be seen as an attempt to tighten the screws on a non-paying customer." _Miranda-Riviera v. Bank One,_ 145 F.R.D. 614, 1993 W.L. 30681 (U.S.D.C. Puerto Rico 1993). An erroneous or careless report serves no purpose but to substantially damage the target of the report, who after publication can do little to correct the damage caused by the report. _Bartels v. Retail Credit Co._, 175 N.W.2d 292 (Neb. 1970). Courts routinely impose vicarious liability and derivative liability in FCRA and credit reporting actions. _Jones v. Federated Dept. Stores._, 144 F.3d 961 (6th Cir. 1998) (Mich.); _Yohay v. City of Alexandria Employees Credit Union,_ 827 F.2d 967 (4th Cir. 1987) (Va.); _Adams v. Berger Chevrolet_, _____ F. Supp. 2d _____, 2001 U.S.Dist.Lexis 6174.

What does "willful" really mean?  "Willful" means "not accidental," or "on purpose, hence, knowingly, intentionally, and carelessly done in violation of law, and in disregard of the safety of the public." _Coleman v. White_, 95 S.W.2d 1018, 1019 (Ct. Civ. App. Beaumont 1936); _Bowers v. Bingham_, 159 S.W.2d 576, 577 (Ct. Civ. App. Amarillo 1942); 68 C.J.S. sec.3, p.268.  "Willful" also means "not accidental." _Southern Fleet Leasing Corp. v. Brown_, 257 So.2d 819 (La. App. 1 Cir. 1972).

It is anticipated that the Defendants, as always, will try to mislead the court and argue that state law claims are not allowed absent a showing of malice or willful intent to injure. Most recently in _Whitesides v. Equifax, et al_, cause no. 99CV0210-S, —F. Supp. —— (U.S.D.C. W.D. La. 12/4/00), and—F. Supp. —— (U.S.D.C. W.D. La. 12/4/00) (two

published orders on the same day), United States District Judge Don Walter rejected Experian's argument, as well as Bank of Louisiana's argument, and ruled that there is *no qualified immunity* for any data transmission (or consumer credit report transmissions) *other than those from the consumer reporting agency to the consumer*.  That is the plain and clear reading of 1681h(e).  Judge Walter relied, in part, upon the *Yeager v. TRW*, 984 F. Supp. 517 (U.S.D.C. E.D.Tex. 1997), decision by this Honorable Court. In addition to *Yeager* and other cases, the correct interpretation of 1681h(e) actually began with the *Baxter v. Reliable Oldsmobile, Inc*., 1986 Westlaw 13584 (Ohio App. Nov. 26, 1986) (Dissent), court which stated that with regard to 1681h(e): "The foregoing provision does not bar a common-law proceeding for defamation, but does impose the additional requirement of malice or willful intent to injure, *under specified circumstances*.  This additional requirement is *only applicable* to actions based on information disclosed *pursuant to 15 U.S.C. 1681g, 1681h, or 1681m.  But in the case at bar, there is no evidence that the disputed information was disclosed pursuant to those specific sections*. See *Retail Credit Co. v. Russell,* (1975), 234 Ga. 765, at 767, which held: "As an initial matter, we note that the FCRA, 15 USCA s 1681-1681t (Supp.1971), effective April 25, 1971 (Act of October 26, 1970, s 602, 84 Stat. 1136), is not applicable to this suit.  That Act provides a conditional privilege in some circumstances to agencies such as Retail Credit *who furnish information concerning an individual directly to that individual upon his request*.  However, in situations such as that presented here, concerning *information disseminated to subscribers of the company, the Act's conditional privilege does not apply and state libel law controls.  See generally*, The Fair Credit Reporting Act:  Are Business Credit Reports Regulated?  1971 Duke L.J. 1229;  Annot., Construction and Application of F.C.R.A., 17 ALR Fed. 675 (1973)."  (Emphasis added.)  *See also*, Maurer, Common Law Defamation and the Fair Credit Reporting Act (1983), 72 Geo.L.J. 95, 102, fn. 42 ("The limitation of state

17

law liability contained in section 1681h(e) *applies only if the consumer report is furnished pursuant to the disclosure provision of the FCRA*.")

## PUNITIVE DAMAGES: BURDEN OF PROOF

Punitive damages may be awarded for wilful violation of any provision of the FCRA and malice, intent, scienter, or evil motive need not be proven. *Thornton v. Equifax, Inc.*, 619 F.2d 700 (8th Cir. 1980); *Boothe v. TRW Credit Data*, 768 F. Supp. 434 (U.S.D.C. S.D. N.Y. 1991); *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (U.S.D.C. M.D. Fla. 1985); *Jones v. Credit Bureau of Huntington, Inc.*, 399 S.E.2d 694 (W.Va. 1990); *Nitti v. Credit Bureau of Rochester, Inc.*, 84 Misc.2d 277, 375 N.Y.S.2d 817; *Trans Union Corporation v. Crisp*, 896 S.W.2d 446 (Ark. App. 1995).  A reckless indifference to plaintiff's rights under the Fair Credit Reporting Act ("FCRA") will justify an award of punitive damages. *Collins v. Retail Credit Co.*, 410 F. Supp. 925 (U.S.D.C. E.D. Mich. 1987).

Brim v Midland Credit Management, Inc., 10-cv-00369 (IPJ), N.D Ala. Feb. 28 2011): Jury verdict awarding plaintiff $100,000.00 in compensatory damages and $632,180.00 in punitive damages. Dixon-Rollins v Experian Information Solutions, Inc. 753. Supp.2d 452 (E.D. Pa. 2010). Jury award of $30,000.00 plus punitive damages of $270,000.00. Drew v. Equifax Info. Services. LLC. 2010 WL 022466 (N.D. Cal. Dec. 3, 2010): Jury in identity theft case awarded plaintiff $315,000 in non-economic compensatory damages, $6,326.69 in economic damages, and $106,000.00 for economic damages. In this case, Plaintiff presented evidence that her mental distress manifested itself as headaches, sleeplessness, skin acne, upset stomach, and hair loss. Moreover, the testimony of Plaintiff's friends and family would paint a detailed picture of her ongoing struggles with Trans Union and Experian and the emotional toll these events took upon her. There were changes in her demeanor, her interactions with her daughter and her family, [and] friends." Based on these incidents and our review of the

entire record, it is clear that Plaintiff sufficiently articulated and demonstrated the emotional distress she experienced as she attempted to correct Trans Union and Experian errors. Accordingly, the Court should con- clude that there is a legally sufficient evidentiary basis for a reasonable jury to find the Defendants conduct resulted in  Mrs. Ogbon's  damages. Notably, emotional and mental distress, anxiety, frustration, anger, humiliation, and embarrassment as well as damage to credit reputation are all recognized as "actual damages" under the FCRA.  See Philbin v. Trans Union Corp., 101 F.3d 957, 963 & n.3 (3d Cir. 1996); see also Guimond v. Trans Union Credit Information Co., 45 F.3d 1329, 1333 (9th Cir. 1995); Stevenson v. TRW Inc., 987 F.2d 288, 296 (5th Cir. 1993); Millstone v. O'Hanlon Reports, Inc., 528 F.2d 829, 834-35 (8th Cir. 1976); see generally Cushman v. Trans Union Corp., 115 F. 3d 220 (3d Cir. 1997); Lukens v. Dunphy Nissan, Inc., Civ. No. 03-767, 2004 WL 1661220 at * 5 (E.D. Pa. Jul. 26, 2004) (FCRA plaintiff may recover for having to place fraud alert on his credit report and for time in dealing with and attempting to clear up credit inaccuracies); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d. at 588-89; Evantash v. G.E. Capital Mortgage Servs., Inc., E.D. Pa. Civ. No. 02-1188, 2003 WL 22844198 * 5; Crane v. Trans Union, LLC 282 F. Supp. 2d at 319-321; Sheffer v. Experian Info. Solutions, Inc., E.D. Pa. Civ. No. 02-7407, 2003 WL 21710573 at * 3-4.  Indeed, most of the above decisions were against TU itself in FCRA cases. These cases also demonstrate that a consumer-plaintiff may recover such damages without the need for medical testimony. Id. "The loss of credit opportunities [also] constitutes compensable harm under the FCRA." Lawrence v. Trans Union, LLC, 296 F. Supp. 2d. at 588-89 (citing Philbin, 101 F.3d at 957); Guimond, 45 F.3d at 1333; Bach v. First Union Nat'l Bank, 149 Fed. Appx. 354, 2005 WL 2009272, *7 (6th Cir. Aug. 22, 2005) (FCRA plaintiff offered testimony of lost credit opportunities in the form of second mortgage and credit card); see also Rothery v. Trans

Union, Civ. No. 04-312-ST, 2006 WL 1720498 (D. Or. Apr. 6, 2006) (denying TU motion for summary judgment as to lack of damages where consumer-plaintiff has offered her subjective account and declaration from her mother as to loss of credit opportunities); O'Brien v. Equifax, 382 F. Supp. 2d 733, 734-35 (E.D. Pa. 2005) (lost opportunity to refinance mortgage basis of FCRA claim). The standard to prove credit damages or lost credit opportunities is not high for consumer-plaintiffs.   A seminal case on credit harm causation comes from our Circuit, Philbin v. Trans Union, which held it is a jury issue whether a credit reporting inaccuracy was a "substantial factor" in a lost credit opportunity and that a consumer-plaintiff is minimally required to present some evidence of a credit inaccuracy and then some evidence of applying for and not obtaining credit.  In Bach v. First Union National Bank, for example, the Sixth Circuit upheld $400,000 in actual damages for a consumer based upon the consumer's own testimony and documents that she was denied a mortgage loan and a credit card due to inaccurate credit **reporting of a fraudulently-opened credit card account.**

## COURTS OFTEN HAVE RULED THE CDV SYSTEM IS UNREASONABLE

A single court has held that the CDV system is reasonable for *a certain type of dispute* under the particular facts of that case.  In *Quinn v. Experian Solutions*, No. 02-C-5908, 2004 U.S. Dist. LEXIS 4812 at *11 (N.D. Ill. Mar. 24, 2004), the court held the CDV-process was reasonable "[g]iven the terse dispute [the plaintiff] sent to Equifax."  This situation differs greatly from the specific and detailed information and supporting documents [Consumer] provided Equifax.

No courts have held that Equifax's application of the CDV system is reasonable as a matter of law under any and all facts.  Many courts have held that a defendant's particular application of the CDV system could be unreasonable.  In *Stevenson v. TRW, Inc.*, 987 F.2d

288 (5th Cir. 1998), the Fifth Circuit considered a case similar to [Consumer]'s case.   The

consumer disputed multiple accounts as belonging to another person with a similar name.   *Id.*

at 291.   The Fifth Circuit affirmed the trial court's verdict (reached by bench trial) that the

credit reporting agency violated the FCRA because it relied only on its CDV system, at 293

(citations omitted). Additionally, in spite of the complexity of [the plaintiff's] dispute, [the

credit reporting agency] contacted the subscribers only through the CDVs . . . [The credit

reporting agency] relied solely on the CDVs despite the number of disputed accounts and the

allegations of fraud. See also, *Johnson v. MBNA America Bank, NA*, 375 F.3d 426, 430 (4th

Cir. 2004) (rejecting the defendant's argument that the FCRA investigation provision "does

not contain any qualitative component that would allow courts or juries to assess whether the

creditor's investigation was reasonable"); *Cushman v. Trans Union Corporation*, 115 F.3d

200, 220 (3rd Cir. 1997); *Acton v. Bank One Corporation*, 293 F.Supp.2d 1092, 1099 (D. Az.

2003) ("the reasonableness of Equifax's procedures is a question for the jury to decide");

*Ruffin-Thompkins v. Experian Information Systems, Inc.*, No. 03-C-683, 2003 U.S. Dist.

LEXIS 23647 (N.D. Ill. Jan. 2, 2004) (noting credit reporting agencies are not excused "from

independently verifying information provided by the creditors" if "the agencies have prior

knowledge that the information might be inaccurate"); *Lee v. Experian Information Solutions*,

No. 02-C-8424, 2003 U.S. Dist. LEXIS 17420 at *23, n.11 (N.D. Ill. Oct. 2, 2003) (noting that

its holding "does not of course negate the existence of a duty to conduct an independent

investigation" where the facts reasonably require more than a CDV exchange);   *Evantash v.*

*G.E. Capital Mortgage Services, Inc.*, No. 02-CV-1188, 2003 U.S. Dist. LEXIS 23131 at *15

(E.D. Pa. Nov. 25, 2003) ("Despite the inconsistencies in [the furnisher's] reporting, [the credit

reporting agency] failed to further inquire about the status of the Account . . . That alone

provides a basis from which a jury could infer that [the credit reporting agency's] procedures

were unreasonable'); *Jensen v. Peoples Gas Light and Coke Company*, No. 04-C-2945, 2005 U.S. Dist. LEXIS 17445 (N.D. Ill. Aug. 16, 2005) (the CDV system could lead to FCRA violations if the CDVs contain inaccurate identifier information); *Bryant v. TRW, Inc.*, 689 F.2d 72, 77 (6th Cir. 1982) (where a credit reporting agency possessed independent information about whether disputed information was correct, simply verifying that information with the source was not reasonable).

**EMOTIONAL DISTRESS**

A credit reporting agency may not disregard information and documents provided by the disputing consumer. A credit reporting agency has willfully violated the FCRA when it 'knowingly and intentionally commits an act in conscious disregard for the rights of others." See *Cousin*, 246 F.3d at 372." *Comeaux v. Experian Information Solutions*, No. 2:02-CV-304, 2004 U.S. Dist. LEXIS 10705 at *29-30 (E.D. Tex. June 8, 2004). The Court in Comeaux found the plaintiff had demonstrated willfulness sufficient to proceed to trial, where the credit reporting agency had disregarded the discrepancies and inaccuracies, despite being notified by the consumer. A court may award punitive damages under the FCRA against a credit reporting agency that refused to correct its inaccurate reporting of public records despite "the fact that the plaintiff *constantly* called that error to the attention of the defendant." In *Nitti v. Credit Bureau of Rochester, Inc.*, 375 N.Y.S.2d 817, 822 *11-12 (emphasis added), 1975 N.Y. Misc. LEXIS 3122 at *11 (Monroe County Supreme Court, New York Nov. 26, 1975), the court described the extreme frustration which [Consumer], too, felt when her pleas to reinvestigate fell on deaf ears. In another strikingly similar case, *Soghomonian v. United States, et al.*, 278 F.Supp.2d 1151 (E.D. Ca. 2003), a federal district court rejected a defense nearly identical to that raised by Equifax here.

It is a fundamental principle of basic fairness that a party may not use evidence it has not timely revealed to the opposing party in violation of its disclosure obligations. Local Rule 56.1 provides that a motion for summary judgment is to be accompanied by a "short, concise statement . . . of the material facts as to which the moving party contends there is no genuine issue to be tried."   Local Rule 56.1(a).   The party opposing the motion is to provide a responsive statement of "additional material facts as to which it is contended that there exists a genuine issue to be tried." Id. at (b) (emphasis omitted).   Each statement by the movant or the opponent "must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)."   Id. at (d).   To the extent a Rule 56.1 statement cites to an affidavit, the affidavit must be a sworn statement of fact based on personal knowledge "that would be admissible in evidence at trial."   Cameron v. Coach Apparel Store, No. 07-CV-3991, 2009 WL 536068, at *3 (S.D.N.Y. Mar. 3, 2009).   A court may disregard "portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." Hollander  v.  Am. Cyanamid Co., 172 F.3d 192, 198 (2d Cir. 1999). Notably, in support of its motion for summary judgment, Defendants fail to provide full transcripts of Plaintiff's deposition and fail to provide a copy to Plaintiff for her review and certification and therefore the Court should strike Defendants use of the excerpts since it has never been authenticated by Plaintiff as her correct and true testimony. Therefore, without more, these averments by the Defendants concerning the content of the "Plaintiff's Deposition Transcripts ," should be inadmissible till it has been authenticated and verified by Plaintiff.   See Sarno v. Douglas Elliman- Gibbons & Ives, Inc., 183 F.3d 155, 160 (2d Cir. 1999) (hearsay assertion that would not be admissible if testified to at trial is not

23

competent material for a Rule 56 affidavit); <u>New York ex rel. Spitzer v. St. Francis Hosp.</u>, 94 F. Supp. 2d 423, 428 (S.D.N.Y. 2000) (disregarding, on summary judgment, statements concerning documents because the documents "themselves are the best evidence of their contents").   Therefore, for the purposes of determining D e f e n d a n t ' s  motion, this portion of the 56.1 statement should be disregarded by the court and all other portions without personal knowledge should all be stricken. Plaintiff must merely show direct or circumstantial evidence of willful misconduct or actions.  Plaintiff need not produce a "smoking gun" or any other form of definitive proof of the defendant's intent or conscience. *Whitesides*, *supra*; *Cushman v. Trans Union Corp.*, 920 F. Supp. 80, 84 (U.S.D.C. E.D Pa. 1996).  The trier of fact may deduce it from the surrounding circumstances. *Id.*  In *Cushman*, the court found it adequate that plaintiff "had twice informed the consumer reporting agency of inaccuracies within her credit report; however, the consumer reporting agency failed to take action."  The court concluded that a jury could reasonably conclude that the defendant's conduct was willful. *Id.*  In *Whitesides*, like here in Jensen, plaintiff repeatedly informed the credit reporting agency of the problem and errors, "but the errors continued to appear, years after originally notifying Experian." *Supra*, at p.9, slip op. The FCRA provides for recovery of emotional distress damages, as does state law. *Pulver v. Avco Fin. Svcs.*, 182 Cal.App.3d 622, 227 Cal. Rptr. 491 (Cal. App. 2d Div. 1986); *Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir.1986), cert. denied, 483 U.S. 1022 (1987); *Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182 (U.S.D.C. Del. 1991); *Bryant v. TRW, Inc.*, 487 F. Supp. 1234, 1240 (U.S.D.C. Mich. 1980), affirmed, 689 F.2d 72 (6th Cir. 1982); *Johnson v. Department of Treasury, I.R.S.*, 700 F.2d 971, 984 (5th Cir. 1983); *Thompson v. San Antonio Retail Merchants Assn.*, 682 F.2d 509, 514 (5th Cir. 1982); *Millstone v. O'Hanlon Reports, Inc.*, 383 F. Supp. 269 (U.S.D.C. E.D. Mo. 1974), affirmed,

528 F.2d 829, 834-35 (8th Cir. 1976); *Jones v. Credit Bureau of Huntington, Inc.*, 184 W.Va. 112, 117 (1990); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995) (Cal.). In sum, plaintiff's claims and allegations more than support a claim for negligent or intentional infliction of emotional distress. The FCRA provides for recovery of emotional distress damages, as does state law. *Pulver v. Avco Fin. Svcs.*, 182 Cal.App.3d 622, 227 Cal. Rptr. 491 (Cal. App. 2d Div. 1986); *Pinner v. Schmidt*, 805 F.2d 1258, 1265 (5th Cir.1986), cert. denied, 483 U.S. 1022 (1987). In sum, plaintiff's claims and allegations more than support a claim for negligent or intentional infliction of emotional distress. FCRA plaintiff may recover for having to place fraud alert on his credit report and for time in dealing with and attempting to clear up credit inaccuracies); Lawrence v. Trans Union, LLC, 296 F. Supp. 2d. at 588-89; Evantash v. G.E. Capital Mortgage Servs., Inc., E.D. Pa. Civ. No. 02-1188, 2003 WL 22844198 * 5; Crane v. Trans Union, LLC 282 F. Supp. 2d at 319-321; Sheffer v. Experian Info. Solutions, Inc., E.D. Pa. Civ. No. 02-7407, 2003 WL 21710573 at * 3-4.

## CONCLUSION

This Court should deny the Defendant's motion for Summary Judgment in its entirety.

Dated: March 11, 2013

Respectfully Submitted:

/s/ Osita E. Okocha
_____
 OSITA EMMANUEL OKOCHA
Attorney for Plaintiff
1425 Pearl Street
Far Rockaway, NY 11691
Telephone: (646) 279-0737
Email: LAWOSSY@aol.com