UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FLORENCE OGBON,

                         Plaintiff,

     -v-

BENEFICIAL CREDIT SERVICES, INC. et al.

                        Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/18/13

10 Civ. 3760 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

    On March 11, 2013, plaintiff filed her opposition to defendants' motion for summary judgment, but that filing was rejected by the ECF filing system and plaintiff's counsel was notified to re-file the documents. Dkt. 152. On March 13, 2013, plaintiff corrected the deficient docket entry by re-filing her opposition papers. However, the corrected filing was materially different from the filing made on March 11—certain documents were materially altered, and declarations and exhibits that had not been previously filed were included. *See* Dkt. 153–156. Because March 11, 2013 was the deadline for filing plaintiff's opposition papers, the Court directed the Clerk of Court to strike the new and altered documents from the record, and directed plaintiff to re-file her opposition papers in precisely the form they were submitted on March 11, 2013. Dkt. 157. On March 16, 2013, plaintiff did so. Dkt. 158–160.

    The Court has now received the attached letter from plaintiff's counsel, requesting leave to supplement plaintiff's opposition papers with the additional items that plaintiff had sought to include in the March 13, 2013 filing. That request is denied. Plaintiff's counsel has not demonstrated that his failure to file these documents in a timely fashion was the product of good

faith, excusable neglect. *See* Fed. R. Civ. P. 6(b)(2); *United States v. Hooper*, 9 F.3d 257, 259 (2d Cir. 1993) (stating that the "determination of whether . . . neglect [i]s excusable is at bottom an equitable one that should be made by considering the danger of prejudice to the non-movant, the length of the delay and its potential impact upon judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith" (citation and original alteration omitted)). Rather, counsel's failure is consistent with a pattern of flagrant disregard for court orders, deadlines, and discovery obligations in this case. *See, e.g.*, Dkt. 122 (outlining pattern of neglect).

SO ORDERED.

                                                          *[signature]*
                                                    Paul A. Engelmayer
                                                    United States District Judge

Dated: March 18, 2013
       New York, New York

OSITA EMMANUEL OKOCHA
ATTORNEY AT LAW
1425 Pearl Street
Far Rockaway, New York 11691
Tel: (212) 709-8143
Cell: (646) 279-0737
Fax: (212) 943-2300
Email: LAWOSSY@aol.com

---

March 18, 2013

Hon. Judge Paul Engelmayer:
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Courtroom 18 C
New York, NY 10007-1312

Re: Ogbon v Beneficial Credit Services, Inc., et al
    10-CV-03760 (PAE) (GWG)

Dear Hon. Judge Engelmayer:

Clearly, unedited wrong drafts were uploaded, unfortunately. It is only fair that Plaintiff be allowed to correct the mistake with leave of this Honorable Court.

**It is not that easy even-though it** sounds basic, with e-filing. *Craig v. Police Jury of Grant Parish*, 347 F. App'x 119 (5th Cir. 2009), involved an attorney who attached the wrong .pdf file as his electronic notice of appeal, and the clerk did not send a deficiency notice. But the docket noted that the pleading was "[f]iled in error counsel advised to resubmit with corrected .pdf document attached." *Id.* at 120. The clerk had e-mailed the attorney stating, "[w]e have edited the text of the previous docket entry and no further action regarding this submission is required at this time." *Id.* at 121. The filing attorney unaware that the original .pdf was the wrong document assumed that the filing was proper. Once the problem surfaced, the attorney filed a corrected notice. Nevertheless, the Fifth Circuit held that it was untimely, noting that reliance on misinformation generated from an electronic filing system will not vitiate the time requirements for appeal. *Id.* at 124; *see also Kinsley v. Lakeview Reg'l Med. Ctr.*, 570 F.3d 586 (5th Cir. 2009) (holding that a deadline set by the federal rules was not extended by a deficiency notice stating that an incorrectly filed pleading could be filed again after the deadline). Similarly, an electronic file titled "Notice of Appeal" was in fact a notice of appeal from *another case*, which caused the attorney to miss an appellate deadline when he filed it instead of the correct notice of appeal. *United States v. Carelock*, 459 F.3d 437 (3d Cir. 2006). Upon receiving a "quality control message" noting the errors from the court, the attorney reviewed the correct notice in his personal computer files, but not the notice that he actually filed. *Id.* at 439. Concluding that nothing was wrong, the attorney ignored the court's notification. He discovered the problem several months later. The Third Circuit noted that an attorney must be super diligent in e-filing: [W]e note that the cause of this error was that [plaintiffs] counsel had

1

unfortunately failed to double-check the document he had successfully transmitted to the District Court. Although the modern use of the computer is a good time- saver, its ease of use should not assuage the almost obsessive attentiveness that is required when filing any document with a court. *Id.* at 443. Even so, courts have not been entirely unsympathetic, and some have recognized that computer problems may occur. While these other cases involved statutory deadlines, in this particular case, this Honorable Court can exercise its discretion as no prejudice is caused to the Defendants.

The Second Circuit has stated that "excusable neglect" is a "somewhat elastic concept" that may include omissions beyond the control of the untimely party as well as "delays caused by inadvertence, mistake, or carelessness" where "the delay as not long, there is no prejudice to the opposing party, and [the belated party's] excuse has some merit."LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir.1995); see also Allstate Ins. Co. v. Administratia Asigurarilor De Stat, 163 F.R.D. 196, 198 (S.D.N.Y. 1995) (excusable neglect can be established by a showing of good faith and a "reasonable basis for not acting within the specified period"). This Court finds that the one-day gap between the deadline of defendant's answer and its extension motion, the uncertainty previously discussed as to the exact date of that deadline, defendant corporation's erroneous report to its counsel of the date of service and defendant's need to consult with its insurance carrier constitute excusable neglect on defendant's part and valid reasons to extend the time to respond to the complaint. Notwithstanding plaintiff's attempt to characterize the dispute as one between the parties over waiver of a jurisdictional defense, at issue is the defendant's short delay in answering. Nothing in the record indicates bad faith on the part of defendant, and plaintiff has not shown that she will suffer any prejudice due to defendant's delay or this extension. See, e.g., Carter v. Potter, 2007 WL 879417 at *5 (E.D.N.Y. Mar. 22, 2007) (declining to dismiss complaint where plaintiff "believed in good faith that she was adhering to the filing deadlines" and complaint was filed one day late, "a delay that obviously caused no prejudice to defendant"); Coolidge v. Coates, 2006 WL 3761599, *2 ("Certainly, [plaintiff] cannot contend that he was in any way prejudiced by the short delay" of defendant filing a response to the complaint); Coughlin v. Tailhook Ass'n, Inc., 818 F.Supp. 1366, 1368 (D.Nev. 1993)(considering defendant's motion to dismiss on the merits and stating that plaintiff "has not been prejudiced by the one-day delay in the filing" of the motion); cf. United Adver. Agency, Inc. v. Robb, 391 F.Supp. 626, 631 (D.C.N.C. 1975) (declining to "refus[e] to consider a substantial issue such as was raised by [defendant's] motion because of a one or two day delinquency in complying with a strictly procedural rule").

In addition, given this circuit's well-established preference for "adjudication of cases on their merits rather than on the basis of formalities," Jackson v. Mahoney, 116 F.3d 465, *1 (2d Cir. 1997), a slightly belated request for an extension of time to respond, based on excusable neglect, should not be refused where the alternative is that defendant is essentially in default.

I will be out of the country and in West Africa by early next week till almost the end of April 2013 and as such I won't have access to the Internet service or the Court's electronic filing capability. Moreover, because of the nature of my travel and traditional matters involved, I would respectfully ask this Honorable Court for some consideration. Therefore, I would seek appropriate accommodation from this Honorable Court.

2

I sincerely apologize for any confusion that I might have created.

Respectfully submitted:

/s/ Osita Okocha

Osita Okocha, Esq.